## *The President and Directors of the Dela- [*363 ware and Schuylkill Canal Company *against* Thomas Parker.

Court will permit a plaintiff to amend his narr. though under a rule for trial or *non pros ;* but not for the purposes of delay, or to vary the nature of his claim, under the arbitration act.

This suit, with two others against William Smith and Edward Carrol, of the same nature, stood on the trial list, at the last court of *Nisi Prius*, under rules to try or *non pros.* They were founded on the defendants' respective subscriptions for shares in the canal company. The declarations, originally filed, contained a general count on the notes, demanding the principal and interest due thereon ; but at *Nisi Prius*, the plaintiffs' counsel moved the court to allow them to file a more formal declaration, containing three special counts, and demanding the penal interest of 5 per cent. per month ; and in the action against Smith, they introduced seven instalments. YEATES, J. refused to permit the amendments prayed for, conceiving them to be substantial alterations, which were not within the 6th section of the arbitration act of 21st March 1806. 7 St. Laws 562. The defendant's counsel then insisted, that nonsuits should be entered according to the rules ; but this the judge also refused.

The motions on both sides were now resumed in Bank, in the action against Parker, and were argued by Messrs. Ingersoll and Morgan, for the plaintiffs, and by Messrs. M'Kean, Hallowell and Condy, for the defendant.

For the defendant it was contended, that the motion for the amendment should have been made at the last term in Bank, and could not legally be received at *Nisi Prius.* But at all events, the plaintiffs not having filed such a declaration there, as the court would permit, the defendant became entitled to the benefit of his rule. The demand of additional instalments or penal interest, was an attempt to change the nature of the suit in substance, and totally inadmissible. The informality designated in the arbitration act refers to no such case ; nor was it ever intended to entitle the party to a new cause of action. The merits of the case would be affected thereby. The words of the law though general, must receive a reasonable limitation. They do not extend to corporations, by name. Here there have been several attempts to amend, though under a *non pros* rule. Such

practice will create great vexation and delay, and is directly re-pugnant to the spirit and scope of the whole law.

For the plaintiffs, it was urged, that the opposition made to the motion for amendment, was a palpable attempt to entangle the plaintiffs in form.   The judge at *Nisi Prius* thought himself *warranted to order an amendment, if it did not vary the nature of the original demand.   If the practice should be otherwise, suitors in Philadelphia county would be deprived of rights possessed by suitors in other counties.   By the 1st section of the late judiciary act, passed 24th February 1806, 7 St. Laws, 334, issues in fact can only be tried at *Nisi Prius;* and the arbitration law permits amendments to be made on or before the trial of the cause.   To put therefore all the citizens of the state on an equal footing, the Court of *Nisi Prius* must possess this power necessarily.

*364]

The expressions of the section under consideration are, "that "in all cases where any suit has been brought," &c. which certainly include corporations.   We do not mean to proceed for more instalments than were originally declared for; but thinking as we do, that interest follows the subject matter of each particular case, we suppose that penal interest becomes due under the act of incorporation, and that our declaring for the same conforms as well to our original declaration as the true spirit of the arbitration act.   The controuling power of the court will always be exercised, so as to prevent the inconveniences of vexation and delay, so much feared by our adversaries.

The plaintiffs were willing and anxious to proceed in the trial at *Nisi Prius* according to the direction of the judge, with our amended declaration ; but an unlucky oversight having taken place in the conclusion thereof, the defendant's counsel would not agree to an alteration therein after the same was filed.   The insisting on the *non pros.* for not going on to trial when we declared ourselves ready to try, with the obliteration of a few words, the insertion whereof had escaped the view of the counsel, is repugnant to every principle of justice.   All we desire is, a fair trial of the cause on its true merits.

TILGHMAN, C. J. delivered the opinion of the court as follows : This action is brought against the defendant for five instalments due on three shares in the Canal company, for which he was an original subscriber.   The plaintiffs in their declaration demand the amount of those five instalments, with interest thereon from the time of their becoming due.   A motion is now made to amend this declaration, by making large additions in point of form, and one addition which is matter of substance, that is to say, a demand of a penalty, after the rate of 5 per cent. a month for every month's delay, in the payment of the said instalments. It is proper to observe, that this cause was marked for trial at the last court of *Nisi Prius,* under a rule for trial or *non pros.*   The plaintiffs asked leave to amend at the *Nisi Prius*

[Delaware and Schuylkill Canal Co. *v.* Parker.]

court; and the defendant objected to the proposed amendments, *which were nearly the same that are now proposed, and [*365 insisted on a *non pros.*   Judge YEATES who held the court, did not think proper to receive the amended declaration in the form in which it was offered by the plaintiffs, conceiving some of the amendments to be improper; nor would he suffer a *non pros.* to be entered, but ordered the cause to be continued.

By the 6th section of the act of assembly of 21st March 1806, it is provided, that no plaintiff shall be nonsuited for informality in his declaration; but, when in the opinion of the court such informality will affect the merits of the cause in controversy, the plaintiff shall be permitted to amend his declaration on or before the trial; and the defendant has the same privilege with respect to his plea: and if by such amendments the adverse party is taken by surprize, the trial shall be postponed till next court. '

By the plain and obvious meaning of this act, the plaintiff is entitled to such amendments in point of form, as will afford him a fair opportunity of trying the matter in dispute on its merits. The court therefore can see no reason whatever for rejecting such amendments as are necessary for the plaintiffs in point of form.    But shall they be allowed to alter their declaration so as to demand the penalty of 5 per cent. a month?    There is nothing in the act of assembly, which authorizes a plaintiff to ask for substantial alterations of his cause of action; and such alterations might be the instruments of great injustice and oppression.    The plaintiffs' counsel have not contended for such a construction of the law; but they suppose that their original declaration which demanded interest, did in substance demand this penalty, which they now call penal interest.    In this the court cannot agree with them.  In their declaration they use only the word interest, which cannot be understood any thing but the usual legal interest of 6 per cent. per annum.    They make no reference, directly or indirectly, to that part of the act of assembly which gives 5 per cent. a month; and what is decisive is, that the act gives it, not as interest, but as a penalty.

The defendant's counsel contend, that the plaintiffs are not entitled to the amendment, because they were under a rule for trial or *non pros. ;* but the act of assembly makes no distinction between causes where such rules are had, and others; nor do the court conceive that they have any right to make it, or that it would be reasonable to do so, even if they had that power; because, a plaintiff who is under a rule for trial or *non pros.*, is as much entitled to a fair trial on the merits of the dispute, as if he had come to trial without such rule.

It has been objected, that plaintiffs may make a mischievous use of this privilege of amendment, by delaying the trials of *their causes by various artifices.    To this it is answered, [*366 that the court will never suffer an amendment for the purposes of fraudulent delay.

Upon the whole, the court are of opinion, that the plaintiffs should be permitted to amend their declaration in the manner proposed, striking out those parts which relate to the penalty.