The opinion of the court was delivered by
Huston, J.
Thomas Gaskins, by.his will dated the 2nd of February, 1813, devised to his widow, the plaintiff, fifty dollars per annum during her life,'and charged it on his plantation, which he devised to the defendants,' his sons, who entered and have been in possession. The value of the lands was perhaps such, that fifty dollars per annum would almost be equal to one third of the rent in common years at the time of the testator’s death. About eleven years after, the death of the téstator, this suit was brought, and the only question, for this court, arises on an. exception to the opinion of the court below, who directed the jury, “ That the plaintiff can recover.interest only from the time of the suit brought, there being no evidence of any previous demand.” The case is brought before us in an exceedingly meagre form. The evidence on which the court delivered this charge is not set oul, except the will: and it is also stated, that the sons had made partition among themselves;. But whether so as that .each son got an equal share of the land, or of that part' which was improved, we do not know from the record. Where the plaintiff lived, since, the death of the testator, we do not see by any thing before us; we know that two of the defendants did not resist her, claim, but after the jury was sworn, agreed to a verdict, so far as respects them; but why they did not at once confess judgment when suit was brought, or why they did not pay her annually as the annuity or charge fell due, we know not, nor why she, if she really received nothing, delayed to bring suit for above ten years. . In discussing the. cause, something out of the record was said, on each' side, and no agreement between the counsel. Wp know that in almost every trial in the lower court, certain matters are stated in opening the' cause* and in opening the' defence, which are not proved because not denied, and often because known to every person in the neighbourhood,, and to part, at least, of the jury, and to the court and counsel. None of this is in general, on the record sent to this court.1 Hence, it often happens, that we decide what is the law on a statement of facts very variant from that presented by the court below.
*391 It is scarcely possible that a widow of a common farmer, to whom a rent charge of his estate is devised for her support, should live a dozen years without receiving any part of it, .unless she lived with herichildren, to whom the estate was devised, and from whom she was to receive a yearly sum; and such a case would present a very different aspect from one in which she had been driven away from her children to support herself by her own labour among strangers. And though it doés not appear on our record, it is inconceivable that it was not perfectly well known and agreed to at'the trial wher ther she lived with her children on the land or supported ‘herself among those unconnected with her; in which latter case, harshness, &c., might, under circumstances, call for'a decision' different from what would be right in the former.
The case before us presents the naked question of the plaintiff not asking for principal or interest until the interest on the first years became equal to two thirds of the .principal; and we have on authority and.on principle come to the conclusión, that the decision of the court below was right. In England, in many, of the states, and in this state, until within a few years, interest was not, in ordinary cases, recoverable on rent. In Bantleon v. Smith, 2 Binn. 146, it was decided, that tfie owner of a rent charge in. fee, when hé resorted to the land, could not recover interest-; here the.'suit is against the defendants, as tefre-tenants,' to bind the land. In that case, the question as to interest between landlord and tenant, in covenant or debt for rent, (but not if distrained for,) was left open expressly. In Obemeyer v. Nichols, 6 Binn. 159, it came before the court, and the decision is, that in ordinary cases, interest is recoverable on a rent certain, payable at a fixed time, from the day of payment; but; that where a landlord has acted unfairly or unreasonably towards the tenant, it ought to be left to the jury., who, in many cases, may be justified in refusing interest. It has been considered in this country, more than any other, that interest should always follow and accompany a debt; that to keep the money was an advantage to the one and loss to the other, eq¡ual to the interest. This may be' true as between men in certain situations, but is far fropi being universally true: it is often absolute ruin to one party, who never suspected it until it is demanded. Where.an annuity is growing from land, of a yearly value sufficient to pay it, and nothing said of it by him to whom it was due, the fair ‘presumption is, he did not want it. There is no ground to suppose- the occupiers of this land agreed to pay or expected to be charged interest for it;, and the decision is, that if .the land is resorted to, interest is not due until demanded or suit brought. Here, then, we are stopped by authority, and we do not feel disposed to overrule that case» The claim was to have judgment de terris? and the judgment is so»
Judgment affirmed.