# Stewart *against* Martin.

Upon a *scire facias* on a recognizance in the orphan's court to secure the interest of a widow in land under the intestate law, a finding "for plaintiff the sum of 1165 dollars, and that there is now due to the said plaintiff the sum of 963 dollars, with costs of suit," and judgment thereon, is erroneous.　But the supreme court having reversed it, entered a judgment for the plaintiff for the sum due, rejecting the former part of the finding as surplusage.

In an action upon such a recognizance, the defendant cannot set up as a defence, the price of patenting the land, paid by him after the recognizance was entered into.

If the interest payable annually to the widow, and thus secured by recognizance, be not paid, she will be entitled to recover interest upon the annual payments as they become due.

THIS case came up by writ of error from the court of common pleas of *Cumberland* county, in which the plaintiff in error, James Stewart, who was defendant below, was sued by writ of *scire facias*, issued from the court of common pleas of that county, on a recognizance taken in the orphan's court of the same county, for securing a sum of money to Eleanor Martin, late Eleanor Stewart, in lieu of

[Stewart v. Martin.]

dower. This recognizance was given on the 17th of September 1811, by James Stewart and Andrew M'Elwain, who severally bound themselves to Thomas Martin and Eleanor his wife, late Eleanor Stewart, in the sum of 1165 dollars 6 cents, "on condition that James Stewart should pay to Thomas Martin and Eleanor his wife, late Eleanor Stewart, in right of said Eleanor, yearly and every year during her natural life, the interest arising from the sum of 582 dollars 8 cents, interest commencing on the 17th of March 1812." The *scire facias*, after reciting the recognizance, commanded the sheriff to make known to the defendant to be and appear, &c., and show cause "why the interest arising from the sum of 582 dollars 8 cents, by him in form aforesaid acknowledged, should not be made of his lands and chattels, and levied to the use and behoof of the said Thomas and Eleanor." Eleanor died after the commencement of this suit. The defendant pleaded payment with leave.

On the trial the defendant offered to prove the payment of the patent money for the farm, by James Stewart, on the 3d of April 1812, with a view to deduct the rateable proportion from the plaintiff's demand. This evidence was objected to by the plaintiff, and rejected by the court, who sealed a bill of exceptions.

The plaintiff claimed the whole arrears from the commencement, and interest on each annual sum from the time it was due till the day of trial: and the court, at the request of the plaintiff's counsel, directed the jury to give a verdict for the whole penalty, to be released on the payment of the annual sums due, with interest on each as it fell due. To this direction the defendant excepted, and also to the direction of the court, that the first was maintainable in the name of Thomas Martin, since the death of his wife. The last exception, however, was relinquished in this court.

The jury gave a verdict finding "for the plaintiff the sum of 1165 dollars 6 cents; and that there is now due to the said plaintiff the sum of 963 dollars 75 cents, with costs of suit."

The plaintiff in error now relied on the following errors assigned.

1. No judgment for the penalty of 1165 dollars 6 cents could be legally given on this writ.

2. The court erred in rejecting the proof of payment of the patenting money.

3. In their answer that the plaintiff could recover interest on the several sums.

*Alexander*, for plaintiff in error.
*Williamson*, contra.

The opinion of the Court was delivered by

Sergeant, J.—There was error in entering the judgment, for what is termed the penalty of the recognizance. The *scire facias* prayed an award of execution for the interest of the 582 dollars 8 cents, and the verdict and judgment could be properly rendered for money due

II.—AA

[Stewart v. Martin.]

on that account only.    It is not like an action of debt for a penalty, with a condition to pay instalments, in which a cautionary judgment has been allowed to be entered to secure the payment of future instalments, and where no other action can be brought on the bond. This *scire facias* is correctly drawn—demanding an award of execution of the amount due.    And a judgment to that effect would be no bar to a future *scire facias*, in case the widow continued alive to collect subsequent arrears.    This error, however, is in the entry of an improper judgment on the verdict.    The verdict is informal, but it is substantially a verdict for the 963 dollars 75 cents, and costs of suit.    It finds that sum is due, but there is added a finding for the plaintiff of 1165 dollars 6 cents, which may be rejected as surplusage, and judgment rendered for what is proper on the pleadings and evidence of the cause.    In the case of Easton *v.* Worthington, 5 *Serg. & Rawle* 130, in replevin, where the goods were delivered to the plaintiff, and the defendant pleaded property, and it was found for him, and the jury, under the charge of the court, found a verdict for the value of the property, and judgment was rendered thereon; it was held to be erroneous, because the jury ought to have found a general verdict for the defendant, and damages for the detention, on which finding the proper judgment was *pro retorno habendo*, and for the damages.    This court, on error brought, reversed the judgment entered, but gave a correct judgment, according to the justice of the case—holding it to be the duty of the court to put the verdict into form, by adopting the substantial part, and rejecting the rest as surplusage.    Mr Justice Duncan, in Easton *v.* Worthington, says: " that which is more is surplusage, and shall not stay the judgment; for *utile per inutile non vitiatur*.    It is sufficient if the matter and substance be found.    *Co. Lit.* 227.    For though the finding is not in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form, and make it serve, according to the justice of the case.    *Hob.* 54; 2 *Burr.* 693; 10 *Mass.* 64."

Agreeably to these settled principles, the judgment below will be reversed, but the proper judgment will be rendered here on the verdict for the plaintiff.

There was no error in rejecting the evidence offered by the defendant of payment of the money due to the commonwealth for patenting the land subsequently to the recognizance.    In the case of ordinary sales of land, the vendor has been charged with the patenting money, where he had given a general warranty and sued upon the bonds for the purchase money; M'Kennan *v.* Doughman, *Penns. Rep.* 417; or on articles of agreement to convey a good and lawful title. Romig *v.* Romig, 2 *Rawle* 241.    But when land is accepted at an appraisement, and the widow's share ascertained and secured, it is too late afterwards to claim this deduction.    The maxim *caveat emptor* applies.    The patenting money may have been considered by the inquest in their appraisement; if that was not the case, the defendant would have attended to it when the recognizance was given.

[Stewart v. Martin.]

The principal question in the case is, whether the plaintiff was entitled to interest on the annual sums due by the defendant in arrear. We have had occasion already, at this term, to consider the peculiar character of the widow's right to annual payments of money in lieu of dower, and to observe that it partakes of the various features of an annuity, of interest on money, and of a rent charge, without being susceptible of a distinct classification with either. Being given in lieu of land which yields annual profits, and for her maintenance, it ought, in justice and equity, to be punctually paid when due, and if withheld, she is entitled to interest as a compensation for the loss sustained by the delay. The law looks with a favourable eye on provision for a widow. In The Drapers' Company *v.* Davis, 2 *Atk.* 211, an annuity given by will was in arrears; the Lord Chancellor said: there is no certain rule of the court for giving interest for arrears of an annuity. The first instance of its being done in this court, was in the case of Ferrers *v.* Ferrers; *Cas. temp. Talbot*; but it has been done in many instances since, and *for the most part*, when it was the bread of the wife or child. In Newman *v.* Awling, 3 *Atk.* 579, the same thing was done, because it was given by way of maintenance, and was charged on real estate. In Robinson *v.* Cumming, 2 *Atk.* 211, the reason given was because it was her jointure, and interest upon the arrears of the annuity was allowed her by way of maintenance, and as a compensation for the debts she had contracted in the mean time. In Litton *v.* Litton, 1 *P. Wms* 543, interest allowed from the very day they became due, and said it was the widow's bread. See also, Irby *v.* M'Crae, 4 *Dess.* 422. In covenant brought to recover a sum certain due for rent, and payable in money, the plaintiff is entitled to recover interest. Clark *v.* Barlow, 4 *Johns.* 183. The same principle is held in Obemeyer *v.* Nicholls, 6 *Binn.* 159; and Albright *v.* Pickle, 4 *Yeates* 364; unless under particular circumstances. Interest is sometimes allowed on interest when the latter is specifically contracted to be paid at certain times. 1 *Vern.* 194; *Cam. & Norwood* 357. On a note payable in eight years, with interest payable annually, interest was allowed on each year's interest unpaid. Greenleaf *v.* Kellogg, 2 *Mass. Rep.* 568. The payment is of a fixed sum, at certain periods, given to the widow in lieu of dower for her maintenance and support, charged on lands and secured by recognizance. This would seem to combine nearly every principle on which courts have awarded interest as a compensation for delay of payment. The general rule, therefore, is to allow it. At the same time there may be exceptions. Cases may occur where, from the land's continuing in the hands of children, and some other circumstances, the presumption may be raised that the widow did not intend to charge it, and in that case it should not be allowed.

Judgment reversed, and judgment for the plaintiff below on the sum of 963 dollars 75 cents, with interest from the 23d of November 1832, and costs of suit.