# Ulrich *against* Dreyer.

Executions issued upon the same day, and delivered to the sheriff at different periods of the day, must be paid out of the proceeds of the sale of personal property in the order, as to time, in which they came to the sheriff's hands.

APPEAL from the decree of the common pleas of *Lebanon*, distributing the proceeds of the sale of the personal property of Dreyer and Breidenbach.

Several executions issued against the defendants on the same day, but at different hours of the day ; and upon an order of distribution, the court (Blythe, president) decreed, that the executions should be paid in the order of time in which they came to the sheriff's hand.

*Weidman,* for appellant.
*Kline,* contra.

PER CURIAM.—A case like the present could not occur in England, where the sheriff acts between conflicting execution creditors at his peril, and without the benefit of any other protection or guide than the mandate of his writ ; consequently, if he happens to sell on the younger execution, the court, acting on his return as incontrovertible, awards the money to be paid over on it as if the sale were a rightful one, and leaves the disappointed creditor to his remedy by action. The extreme hazard of the sheriff's position has induced something like relaxation in his favour even there, when return of the execution is wanted to enable a party to charge him in an action ; to enforce which, the favour of the court has sometimes been refused. Our own courts, however, have constantly interfered for beneficial purposes, before return made ; and have awarded money in court to the creditor entitled to it by a strict performance of the sheriff's duty. This avoids delay and useless litigation, at the same time that justice between all parties is fully attained.    At all events, the practice has received the confirmation of the legislature, who have added to it a trial by jury of contested facts, and the supervision of the court of the last resort.    But though no such case in circumstances is found in the books, its principle has been involved in a contest for priority between an ordinary execution, and the statutory execution of a commission of bankruptcy, in respect to which it is held, that if the seizure of the goods is at an earlier period of the day than the act of bankruptcy, the execution is good.    *Watson's Law of Sheriff* 187. Between conflicting judgments of the same day, contribution was decreed in Metzler *v.* Kilgore, 3 *Penns. Rep.* 246 ; because the statute directs the actual date to be entered of record, with no greater

particularity than to designate the day, and being a matter of record it can be no further inquired of by evidence *in pais :* but a distinction was expressly recognized, in this respect, between the date of a judgment and the delivery of an execution.  The court did right, therefore, to award the money to the executions according to priority of actual delivery.

Decree affirmed.