### ⸤ Knettle *against* Crouse.

Upon an instrument of writing by which one person agrees to pay to another the interest of a certain sum of money during the lifetime of the payee, an action of debt may be brought and a statement filed, under the act of the 21st of March 1806. And in such case the jury may allow the plaintiff interest upon the annual payments from the time they became due.

ERROR to the common pleas of *Cumberland* county.

This was an action of debt, by Mary Crouse against Daniel Knettle, in which the plaintiff filed a statement, under the act of the 21st of March 1806, claiming the interest upon the sum of 733 dollars, annually from the 1st of April 1821, to the commencement of the suit, with interest upon each annual payment as it became due. The following is the instrument upon which the suit was brought.

" Received, Mifflin township, Cumberland county, April 10th, 1816,from my mother-in-law, Mrs Mary Crouse,the widow of Jacob Crouse, deceased, the sum of 733 dollars, for dowry, with condition, however, that from and after the expiration of five full years, I promise to pay to her, the said Mary Crouse, herself, and to no body else, as long as she liveth, the amount of the legal interest of the said sum, of 733 dollars, for each and every year, as long as she shall live, at the expiration of the five years, as above mentioned; but in case of her decease, let it be when it will, neither principal nor interest can ever be demanded from me or my heirs. Witness my hand, &c."

The only material questions which arose were, whether the plaintiff could recover upon the statement filed? And if she could, whether she were entitled to recover interest upon the annual payments of interest. Both of which questions the court below (Reed, president) ruled in favour of .the plaintiff.

*Watts*, for plaintiff in error.
*Biddle* and *Williamson*, contra.

The opinion of the Court was delivered by

ROGERS, J.—The instrument of writing on which this suit is brought is not, technically speaking, either a verbal promise, book account, note, bond, or single bill; yet it is such an obligation, for the payment of money as brings it within the spirit of the act of the 21st of March 1806. On this principle the case of Grey *v.* Cunningham was decided. It was there held, that a statement may be filed on a recognizance·of bail, because, although not coming within the words of the act, yet it was in substance an obliga-

[Knettle v. Crouse.]

tion conditioned for the payment of money. After trial on the merits, such objections are not entitled to favour, so as to defeat the beneficial operation of a remedial law. The objection was not taken until after the evidence was closed, and although taken before verdict, and in this respect differing from Grey *v.* Cunningham, yet to reverse a judgment for this cause, would, in many instances, violate the justice of the case, and create unnecessary and perplexing delay. The writing contains a direct and positive engagement to pay various sums, at different times, and is such an instrument as is embraced within the spirit of the act.

We perceive no reason for limiting the recovery to the interest due, from the 1st of April 1830, to the 1st of April 1833. The evidence is, that satisfaction was entered on the judgment on an express agreement, that in case of failure to comply with the terms of the new contract, suit might be brought on the original paper of 1816, without regard to the suit on which judgment had been rendered. Nor can the defendant justly complain of the residue of this part of the charge, for if the jury believed that the defendant went to the plaintiff, unasked, and brought her on from Ohio, where she resided, with the deceitful purpose of getting satisfaction entered on the judgment, without payment, and by withholding her papers, defeating any recovery, and that under the garb of friendship, such conduct deserved reprobation, rather than reward. Of this the jury were competent to judge.

But the plaintiff in error principally relies on the answer of the court to the fourth point.

As a general rule, interest cannot be given on interest, and so the court instructed the jury. But was this the character of the paper on which the suit was brought. We think it clear that it was not. The defendant having received from his mother-in-law, one year before the date of the paper, 733 dollars, executed the writing in question, the legal effect of which, is an engagement to pay her, four years after its date, certain annual sums, equal to the interest of the sum received, during her life. It is called interest it is true, but that does not alter its nature. It is a contract in substance, to pay her 43 dollars 98 cents, annually, during her life, and is in the nature of an annuity, intended, no doubt, for her support and maintenance during life, nor will her declaration at the time, that there was not much danger of her ever calling for it, alter the case. She had, it seems, other property adequate to her support then; she was advancing in age, and might suppose that she never would need it, but we perceive no evidence of an intention to disclaim any right, either of principal or interest, if it might, from change of circumstances, be necessary for her comfort or support. This declaration, therefore, did not dispense with his contract to pay that amount, annually, during her life. It was a debt due her, which it was his duty to pay, without any request from her. The court do not instruct the jury to give her interest, but content

themselves with saying, that they were not precluded from giving interest upon the annual sums as they became due; and further, if the plaintiff unjustly withheld the money, withheld it for the fraudulent purpose of defeating the payment, till the death of the plaintiff, when, by the terms of the engagement, neither principal nor interest was ever to be demanded or received, that the plaintiff was put to the delay, expense, and trouble of two actions, it being an annuity due to the widow, for her support and maintenance, interest should be allowed. In this view of the case, the court are fully sustained, in Stewart *v.* Martin, 2 *Watts* 200, and the authorities there cited. In Stewart *v.* Martin, it was decided, that if the interest, payable annually, to the widow and secured by a recognizance, be not paid, she will be entitled to receive interest upon the annual payments as they become due. In substance, that is this case. It is plain, that the annual reservation was intended for the maintenance and support of the widow. That although the parties call the sum to be paid, interest, yet by that expression the design was merely to specify the amount to be paid, and cannot change its character. It is not in the nature of a compensation for the loan of money, but it must be taken as an annuity or annual sum, which the defendant agrees to pay, in consideration of the advance of the principal. It is called a dowry in the instrument of writing, and was intended in some measure as an advancement, but on certain conditions, with which the defendant is bound to comply. The engagement is to pay a given sum of money at different times, and the defendant having failed to comply with his contract, the jury were at liberty, under the circumstances, to give interest by way of damages.

The case of Gaskins *v.* Gaskins, 17 *Serg. & Rawle* 390, was decided on its peculiar circumstances. The facts were before the court, as is there said, in a meagre form, in which it did not appear whether the widow lived with her children, on the farm, or supported herself among them, who were unconnected with her. In the former, it might be reasonably inferred, that she relinquished the interest, particularly, when at the distant period of eleven years, her claim interfered with the rights of creditors against her children. In this case it is not left to conjecture whether she derived her support from her children, as the case finds that she lived among strangers, except for a very short period, which could not vary the result.

Judgment affirmed.