## Hale's Appeal.

*Priority of Execution not affected by Omission of Sheriff to endorse
Time of Delivery.*

1. The omission by the sheriff to endorse the time of receiving an execu-
tion upon it, does not give priority to a subsequent execution, whereon the
time is endorsed.
2. Parol evidence is admissible to show the actual date of the receipt of an
execution by a sheriff.

APPEAL from the Common Pleas of *Bradford county.*

This was an appeal by Elias W. Hale, from the decree of the
the court below distributing the proceeds of the sheriff's sale
of the personal property of Decatur Ayres.

There were three executions in the sheriff's hands against the
defendant, two in favour of E. W. Hale and one in favour of
Roswell Luther.

The writs of Hale were marked by the sheriff, "Received
June 16th 1862, at three o'clock P. M."

The writ of Mr. Luther was received same day, no hour being
mentioned; but the following statement was appended to it by
the sheriff:—

"In the case of the writs, Roswell Luther, and Allen McKean
to the use of E. W. Hale *v.* Decatur Ayres; I went into the pro-
thonotary's office about fifteen minutes before three o'clock, June
16th 1862, and took a number of writs from the sheriff's box,
among which was *fi. fa.* No. 187, being Luther's writ. I was
having Chaapel correct the numbers on some papers. I returned
the writs to the box, intending to take them when I returned to
my office, but neglected doing so. Soon after I returned, Le
Roy McKean came in with *fi. fa.* Nos. 188 and 189. I told him
I thought there was a writ in my box against the same man. I
then went and got writs, excepting Hale's, at that precise time—
three o'clock.

"Signed,                    "A. H. SPALDING."

The auditor distributed the fund to the executions of E. W.
Hale. On exception filed, the court below (MERCUR, J.) reversed
the report of the auditor, and directed the fund to be applied

first to the execution of Roswell Luther, which was the error assigned here.

*J. C. Adams*, for appellant.

*H. W. Patrick*, for appellee.

The opinion of the court was delivered, March 23d 1863, by

THOMPSON, J.—Under the 4th section of the Act of 21st March 1772, a practice prevailed, borrowed, no doubt, from that under the 16th section of 29 Car. 2, from which the section was almost literally copied, of indicating the precise time of the receipt by the sheriff of executions. Although the clause of the statute, required only the day of the month and year to be indicated, yet it expressly declared, that it should bind the property of the defendant from *the time the writ should come into his hands*. This necessarily fixed the order of priority of writs in the application of the proceeds of sale. The first writ which bound the goods or chattels of a defendant was to be first paid. Such was the rule under the statute of Charles 2. See Watson on Sheriffs 176.

So firmly fixed had this practice become, that even before the passage of the Act of 1836, it was a contested question whether the precise time of the receipt of an execution, when not endorsed by the sheriff, was provable as a matter *in pais*. That it was, see 2 Yeates 277, 3 Penna. Rep. 246, and 2 Watts 303.

The Act of 16th June 1836 was evidently declaratory of this practice, and of what might not improperly be called our common law on the subject. The sheriff is by this act required to endorse the day and hour in which he receives an execution. This was what he did in obedience to the practice under the Act of 1772. But to do so, is directory under the Act of 1836. What if it be not entered by the sheriff? Is the creditor, for this omission of the officer, to be postponed, and turned round to a suit against the sheriff? This would be vexatious to both the creditor and sheriff, and not only occasion delay to a party who was in no default, but would give a technical and inequitable advantage to a junior execution, whereon the time is endorsed. When the sheriff does note the precise time of the receipt of the writ, it is doubtless conclusive. But if he omit to do so, parol proof of it is not obnoxious to the objection that it contradicts the return on the writ. Nor is the entry, even when made, a record. So it is not the case of an attempt to supply a record by parol: 2 Watts 203.

The *actual* date is intended to fix the rights of creditors, and as oral proof is not inadmissible, on either of the grounds mentioned, why shall it not be received? The point to be established

[Hale's Appeal.]

by it is a fact, a matter *in pais*, as settled by the practice before the Act of 1836; and when the sheriff omits his duty, we think the party may, since that act, as before, show the true time. The trial of this fact, like any other, may be by a court and jury, on a proper demand for an issue, made to the auditor appointed to make distribution. This safeguard is prescribed as in other questions of fact.

We are therefore of opinion that the learned judge of the Court of Common Pleas decided rightly in setting aside the auditor's report, and in awarding distribution according to the actual time of the receipt of the Luther execution, which was prior to the appellant's.

> Decree affirmed and appeal dismissed, at the costs of the appellant.