# Turner *against* Hauser.

A widow of an intestate, whose annual interest is charged on the land taken, is entitled to come in under the fourteenth section of the act of 1794, as against the personal estate of the *terre tenant* for one year's interest as rent, and this, by construction of the sixth section of the act of 1807, which provides, that her interest " may be recovered by action of debt or by distress, *as rents* are usually recovered in this commonwealth."

By distraining the goods of the *terre tenant* after his death, where more than one year's interest is in arrear, the widow can not obtain more than one year's interest, and thus defeat the order of payment prescribed by the act of 1794.

ERROR to the court of common pleas of *Schuylkill* county.

This was a case stated in the nature of a special verdict, in which *David Hauser*, administrator of *Jacob Hauser* deceased, was plaintiff below, and *David Turner* defendant.   The following are the facts of the case.

On the 30th day of July 1814, in the orphan's court of the said county of Schuylkill, a tract of land, situate in Westpenn township, late the estate of *Jacob Hauser* the elder (father of the plaintiff's intestate), was by the said court adjudged to *Jacob Hauser*, the plaintiff's intestate, at the appraised value thereof—the widow, his mother's

[Turner v. Hauser.]

third, to wit 1000 dollars, being charged thereon, the interest to be paid annually, &c. agreeably to the intestate laws of this commonwealth.

December 18th, 1827. *Jacob Hauser*, the plaintiff's intestate, died, leaving also a widow and sundry children, including the plaintiff in this suit, residing on the premises in question.

January 5th, 1828. *Eva Hauser*, the widow of *Jacob Hauser* the elder, to whom several years interest was due, issued her warrant to the defendant above named, in the following words, to wit:

Whereas *Jacob Hauser*, of the township of Westpenn, county aforesaid, died intestate some time since, leaving a widow named *Eva*, and issue several children, to whom his real estate descended agreeably to the laws of this commonwealth, which real estate was valued under the direction of the orphan's court of said county, and the widow aforesaid became entitled to the interest of the one-third of the real estate, in lieu of dower at common law. And whereas about two hundred acres were adjudged to *Jacob Hauser*, one of the sons of said deceased, amounting to the said widow the sum of 60 dollars interest annually. And whereas the annual sum of 60 dollars is due and unpaid for four years and upwards, amounting to 240 dollars. This is therefore to authorize and require you to distrain the goods and chattels lying and being upon the land so valued as aforesaid, late the real estate of the said *Jacob Hauser* deceased, and to proceed to sell the same according to law, for the best price that can be gotten, returning the overplus, if any, to the person or persons entitled thereto, after payment of the arrearages of said dower, and legal costs and charges of such distress. Witness the hand and seal of the said *Eva Hauser*, at Westpenn township aforesaid, the 5th day of January, A. D. 1828.

It is admitted, that four years' interest was due and unpaid, to wit 240 dollars, at the issuing of the warrant aforesaid.

January 7th, 1828. *David Turner* the defendant above named, in pursuance of said warrant, made distress on the premises aforesaid, charged with the widow's thirds aforesaid, and took of the goods and chattels of the plaintiff's intestate being thereon, amounting to 248 dollars. It is also admitted, that regular notice of such distress was served on the widow and representatives or heirs of said *Jacob Hauser*, the plaintiff's intestate, who remained on said premises, and that the said distress was regularly appraised and sold.

February 4th, 1828. *David Hauser*, the plaintiff, took out letters of administration to the estate of his said father, *Jacob Hauser* the younger.

There exists on the records of the court of common pleas of Schuylkill county a judgment against the said *Jacob Hauser*, the plaintiff's intestate, of 530 dollars, at the suit of *Mary Wehr* and *Jacob Wannemacher*, administrators, &c. of *Tobias Wehr* deceased. Entered up to July term 1820. No. 152.

And it is admitted that the estate of the said *Jacob Hauser*, the

[Turner v. Hauser.]

plaintiff's intestate, is insolvent, and not sufficient to pay the whole of the judgments.

If the court shall be of opinion, upon the above statement of facts, that *Eva Hauser* had a right to make the distress aforesaid, and had a right to take the proceeds thereof to the satisfaction of her interest; then judgment in favour of the defendant.

If the court shall be of opinion that *Eva Hauser* had no right to make the distress aforesaid, and appropriate the proceeds thereof to the payment of her interest; then judgment in favour of the plaintiff for 248 dollars.

But if the court shall be of opinion that *Eva Hauser* had no right to make the distress, but that she would be entitled to a priority of payment for one year's interest out of any assets in the hands of the plaintiff as administrator; then judgment in favour of the plaintiff for the sum of 188 dollars only.

The error assigned was, that the court ought to have given judgment for the defendant.

*Bannon*, for the plaintiff in error, argued, that the interest of the widow is a charge upon the land, for which the tenant is liable only in respect of the land. It is recoverable as rents are recoverable, by distress, &c. ; it is not a rent; but all the personal property of the tenant found upon the land may be distrained, and the death of the tenant, or his insolvency, can make no difference. If this be not the correct doctrine, she would be without remedy in such a case as that before the court; as the act of 1794, although it provides for the payment of rents, does not include the case of a widow's interest.

*Loeser*, for the defendant in error, contended, that the principle involved in the case was decided. To prevent a scramble among creditors, the fourteenth section of the act of 1794 directs the order in which debts of a decedent shall be paid, and the assets distributed. A plaintiff who sues out execution against the estate of an intestate gains no preference by so doing. A landlord, under the act of 1794, comes in for one year's rent. A widow, by the acts of 1794 and 1807, *Purdon* 407, 412, as to her interest, is placed on the same footing; she, therefore, could no more obtain a preference by distraining in regard to these assets, which are disposed of by the act of assembly, than the execution creditor.

The opinion of the Court was delivered by

ROGERS, J.—When partition is made of an intestate's real estate, and there is a widow living, and entitled to a part of the real estate during life, an estimate is made of the value of her part, which is apportioned in the manner prescribed by the act of the 7th of April 1807. On confirmation, the ascertained value is directed to remain a charge on the shares of the children or representatives, the interest of which the court orders to be annually and regularly paid to the

[Turner v. Hauser.]

widow.   When there is a failure of payment, the interest of the widow may be recovered by action of debt, or by distress, as rents are usually recoverable in this commonwealth.   In pursuance of the act referred to, the orphan's court of Schuylkill county adjudged a certain tract of land to the plaintiff's intestate, and charged the same with the payment of 1000 dollars, the interest to be paid to the widow during life.   *Jacob Hauser* the younger died intestate and insolvent.   The act makes the interest of the widow a charge on the real estate : and if that were the fund to be affected, a different case might be presented ; but here the widow demands satisfaction out of the personal assets.   The legislature say, that the annual charge may be recovered by action of debt, or by distress, as rents are usually recoverable in this commonwealth.   Had the widow brought an action of debt against the administrators, it would scarcely be contended that she would be entitled to more than her share of the assets, and in the order prescribed in the act for the payment of debts.   And it is equally plain, that had no distress been made, the administrators would not have been justified in paying more than one year's interest, as in case of rent.   What meaning then must we attach to the words—to be recovered by action of debt, or by distress, as rents are usually recoverable in this commonwealth.   The fair construction, I take it (and it is one in her favour), is to place her in the situation of a landlord, and to give her the same remedy a landlord has against a tenant.   The extent of this is given in the fourteenth section of the act of 1794.   First, physic, funeral expenses, and servants' wages are to be paid ; and secondly, rents, not exceeding one year.   Without the benefit of this construction, the widow would be only entitled to payment as a lien or judgment creditor.   The remedy which the landlord may choose to adopt can not alter the case ; for otherwise, in all cases where the rent was in arrear longer than one year, he would of course distrain, and in this way defeat the order of payment prescribed in the act.   The rights of parties ought not to depend on the nature of the remedy, as was decided in *Lesher* v. *Levi,* 15 *Serg. & Rawle* 108.   No act of the parties after the death of an intestate can vary the rights of creditors.

Judgment affirmed.