# Deitz *against* Beard.

The widow's interest in land secured to her by the orphan's court, in a proceeding in partition, under the intestate laws, where the same is taken by the eldest son, is not the subject of taxation under the act of the 25th of March 1831 assessing a tax on personal property.

ERROR to the district court of *York* county.   (Durkee, president.)

This was an amicable action in which Elizabeth Beard was plaintiff, and Jacob Deitz defendant, in which a special verdict was found, the facts of which gave rise to the question, whether the widow's interest in land taken by the eldest son, at the valuation in the orphan's court, under the intestate laws, was the subject of taxation under the act of the 25th of March 1831, assessing a tax on personal property.   The court was of opinion that it was not, and rendered a judgment for the plaintiff.

[Deitz v. Beard.]

*R. Fisher* and *Lewis,* for plaintiff in error, argued that the widow's interest was in the nature of a rent charge, and therefore taxable; and cited, 2 *Bl. Com.* 41; *Co. Lit.* 144, *a;* Hurst *v.* Lithgrow, 2 *Yeates* 24; Shaup *v.* Shaup, 12 *Serg. & Rawle* 9; Gilmore *v.* Commonwealth, 17 *Serg. & Rawle* 277.

*Chapin,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The plaintiff below is the widow of George Beard, who died intestate in the year 1820, leaving a tract of land, which was taken by his son John Beard, at a valuation of 30,000 dollars made in proceedings under the intestate act in the orphan's court of York county, which directed one-third part of the sum to remain a lien on the land, and the interest thereof to be paid annually to the plaintiff. The direction of the twenty-second section of the act of 1794 is, that when the widow is living, and the whole premises shall be adjudged and ordered to the eldest son or any of the children, the wife shall be entitled to the sum at which her purpart or share shall be valued, but the same, together with the interest thereof, shall remain charged upon the premises; and the interest thereof shall be annually and regularly paid by the eldest son, or such other child, to whom the lands shall be so adjudged, his, her, or their assigns, holding the said lands, to be recovered by such mother by distress or otherwise as rents in this commonwealth are usually recovered, to his or her said mother during her natural life, which the said mother shall accept and receive in lieu and full satisfaction for her dower at common law, and at her decease the principal to be distributed, &c.

By an act passed on the 25th of March 1831, for assessing a tax on personal property, it is enacted, sect, 1, " that all personal estate and property within this commonwealth hereinafter described, owned or possessed by any person whatever, that is to say, all ground rents, moneys at interest, and all debts due from solvent debtors, whether by promissory notes (except bank notes), penal or single bills, bond, judgment, mortgage and stocks in corporations (wherein shares have been subscribed in money), and on which any dividend or profit is received by the holder thereof, and public stocks, except the stocks issued by this commonwealth, and all pleasure carriages kept for use, shall be subject to a yearly tax of one mill upon every dollar of the value thereof, to be assessed in the manner hereinafter prescribed, &c." And it is now contended, upon the case stated, that the interest of the widow is liable to taxation under this act, as within the descriptions of property embraced by its provisions.

The first question is, whether the legislature, in imposing a tax on *ground rents,* meant to include that peculiar kind of interest which, by the provisions of the intestate law, is vested in the widow in lieu of dower. This interest is, in one respect, in nature of a rent charge.

because the land is charged with a right of distress for the recovery of the annual sum.   But it would rather seem that the legislature contemplated by the use of the term ground rents, what are so called in common parlance, namely, rents created by the acts of the parties, by which the owner of land conveys a lot reserving rent with clauses of distress, re-entry, &c.   This species of rent is common in Philadelphia, and other cities and towns in the state, and is universally known by the name of ground rent.   It is the subject of the provisions of an act of assembly, passed on the 5th of February 1821, in which the term is made use of.   But this interest of the widow is of an anomalous character.   It is created not by any contract of the parties, but by act of law.   It is expressly given in lieu of dower at common law.   It partakes, in some respects, of the nature of an annuity, in others of a rent charge, and also of a debt due by recognizance ; for the payment of the annual sum to the widow, as well as of the principal to the heirs after her decease, is generally secured by recognizance.   It would be a harsh construction to hold that because it possesses one of the features of a rent charge, it is therefore to be deemed a ground rent, and, within the words of this act, liable to taxation.   Debts due by recognizance, seem carefully omitted in the act, although debts of a kindred nature, by bond, judgment and mortgage, are expressly included.   The debts secured by recognizance to some of the heirs, for owelty of partition, where others take the land of the intestate at a valuation, cannot, therefore, be taxed ; and there is no reason why the widow to whom this sort of interest is given in lieu of land, should be in a worse situation than an heir.   So far from it, dower is always peculiarly favoured by the law.   Lord Coke says, "*Dos,* the very name doth import freedom ; for the law doth give her therewith many freedoms: *secundum consuetudinem regni mulieres viduæ debent esse quietæ de tallagiis.*"   *Co. Litt.* 31, *a.*   Blackstone says, tenant in dower, by the common law, is subject to no tolls or taxes.   2 *Bl. Com.* 138.   And though the privileges bestowed by the common law can have no operation against the express words of a statute, yet the spirit of the common law may be appealed to as being fairly within the mind and scope of the law makers, when the interpretation of the statute is doubtful.   And this interpretation may now reasonably be adopted, because though the annual sum paid to the widow be clear of taxation, the land out of which it issues is not.   The whole land in the hands of the son pays a tax to the commonwealth under the contemporaneous act of the 25th of March 1831.   There is no exemption of a portion of the land on the ground that it is charged with the widow's share.   The same result obtains by this construction that would take place in case the widow's share of the land were set out as dower, as it might be under other circumstances ; for there the land in her hands would pay the tax, now it pays it in the hands of the heir.   When particular terms are used to describe the objects of taxation, they should be construed according to their popular acceptation, not by any refined or strained analogies,

and especially when that acceptation corresponds with the use of those terms in recent legislative enactments.

Nor does it fall within the description of other classes mentioned in the act. It is not money at interest. There is in fact no money passing; the nominal principal never was the widow's, nor can it be. It is not a debt due by promissory note, penal or single bill, bond, judgment or mortgage; it is, as to security, in one respect a debt by recognizance : but this, as I have before stated, the act omits.

Judgment affirmed.