## KNIGHT v. BANES.

### March 15, 1837.

*Rule to show cause why money should not be taken out of court.*

A widow whose share has been charged on land taken under proceedings in partition in the Orphan's Court, the interest of which is made recoverable by distress, is entitled to receive out of the proceeds of the sheriff's sale of personal property on the land, one year's interest, under the act of assembly providing for the payment of one year's rent out of the proceeds of such sales.

THIS was a *fieri facias,* and under it the defendant's personal property, to wit, hay and grass, then being on a certain tract of land, were sold, and the proceeds were paid into court.   The land was owned by the defendant, who took title to it by virtue of certain proceedings in partition in the Orphan's Court, he accepting the same at the valuation, subject, according to the act of assembly and the decree of the court, to the following provision— " the share of the widow, Sarah Banes, to remain *charged* on the premises, and the interest thereof to be annually paid her by the said B. R. Banes, and to be recovered by her by distress or otherwise during her natural life."   Interest had accrued at the time of the levy under the *fieri facias,* of which Sarah Banes gave due notice to the sheriff, and she then obtained this rule to take out of court the amount of the same.   (*Vide Stroud's Purd. tit. Rent.*)

*Earle,* for the rule.
*Ingraham,* contra.

PER CURIAM.—This rule must be made absolute.   Mrs. Banes' annual interest is *charged* on the land and is recoverable by *distress.*   This according to the spirit of *Turner v. Hauser,* 1 Watts 423, in which the acts of assembly were construed, establishes a general principle which places her in the situation of a landlord, and gives her the same remedies a landlord has against a tenant. Although this exact case is not decided, yet, as one of these remedies, as provided by statute, is the taking out of the proceeds of sheriff's sales of personal property on the land, rents not exceed-

[Knight v. Banes.]

ing one year, where no distress has been made, but a claim has been made in due time on the sheriff, the applicant here is entitled to the benefit of the operation of the general principle.

Rule absolute.