## PARKER v. STUCKERT.

### December 29, 1838.

*Rule to show cause why the appointment of a sequestrator should not be vacated.*

1. A subsequent husband has an interest in the third part of the rents, &c. to which his wife is entitled of the real estate of a former husband, and charged on it under the distribution acts, which will be bound by a judgment against the subsequent husband, and which may be taken in execution.

2. A direct transfer from *the husband to the wife*, without the creation of a trust, purporting to be for a valuable consideration of the interest which he has in property as aforesaid held in her right, although expressed to be for her separate use implies a contract, to which as a feme covert, she cannot be a party, and the transfer is inoperative, as against creditors of the husband.

THIS action was instituted in this court upon a copy of book entries filed.

Judgment was entered and obtained for want of an affidavit of defence against George Stuckert, execution issued, and a *tes. fieri facias* to Bucks County. The sheriff of Bucks, made return to this court, that he had taken in execution under this writ:

" I. The rent and issues of a two story brick house and lot, in Doylestown.

" II. The annual interest of one-third part of the estimated value of the real estate of Richard Leedom, deceased, and to which George Stuckert was entitled, in right of his wife, Ann, and which is charged on the premises, during her natural life, 628 dollars 44 cents.

" III. The annual interest of one-third of the estimated value of the real estate of Enos Morris, deceased, to which George Stuckert was entitled, in right of his wife, Ann, and which is charged on said estate during her life, 373 dollars 17 cents."

Upon this return, made by the said sheriff, the plaintiff moved this court for the appointment of a sequestrator under the act of 16th of June, 1836. The court appointed Thomas Purdy, sequestrator, who by virtue of said appointment, sequestered said interest money and rents aforesaid.

Richard Leedom and Enos Morris, were former husbands of

[Parker v. Stuckert.]

the said Ann Stuckert, and the interests levied on were her "thirds," in the real estate of each respectively and thereon charged by legal proceedings in Bucks County.

On the 30th day of March, 1835, long before the present debt was contracted, George Stuckert being then entirely solvent, executed the following instrument, viz.:

" Know all men by these presents, that I, George Stuckert, of the city of Philadelphia, for a good and valuable consideration me thereunto moving, do by these presents assign, convey and set over to my wife, Ann Stuckert of Doylestown, Bucks County, all the rents, issues and profits, and interests, which she may have been entitled to before coverture, arising out of the land and real estates of Richard Leedom, and Enos Morris, deceased, and all and every other species or kind of personal estate, which belonged to her, to have and to hold the same to her own sole and separate use for ever, in as full and ample a manner as if she were sole and unmarried, and to have, take and receive, all the rents, dowries, interests, profits and issues aforesaid, and to give sufficient discharges for the same in her own name, and that the said property so transferred, shall be in no manner liable for the debts of the said George Stuckert, and that notwithstanding her coverture and whether she be covert or sole, shall have full power to dispose of all or any part of the premises hereby granted and assigned by deed or will to such persons as she may think proper.

Witness my hand and seal, this 30th day of March, A. D., 1835.

GEORGE STUCKERT. [SEAL.]

Sealed and delivered in presence of
    JOHN LLOYD,
    PHILIP LIGHT."

On the 10th of January, 1837, after judgment in this case, George Stuckert and Ann Stuckert, executed a regular deed of trust to Samuel Thompson, of the same property, for the sole and separate use of Mrs. Stuckert.

This last deed of trust was regularly recorded; the former deed never was regularly recorded.

The defendant obtained this rule to show cause why the appointment of the sequestrator should not be vacated.

[Parker v. Stuckert.]

*Oakford* and *Chester*, for the rule.

*Haly*, contra.

The counsel cited Pringle *v.* Gaw, 5 *S. & R.* 536; Brown *v.* Adams, 2 *Whart. R.* 188; Stewart *v.* Meeker, 2 *Watts* 202; Turner *v.* Hause, 1 *Watts* 422; Deitz *v.* Beard, 2 *Watts* 171; Craft *v.* Webster, 4 *Rawle* 242; Shaupe *v.* Shaupe, 12 *S. & R.* 9; *Reeves' Dom. Rel.* 162; 3 *Br. Ch. Rep.* 1192; *Bunb.* 107–205; *Clancey on Mar. W.* 259; *Park on Dower* 155, 160; (11 *Law Library*); Act of 16th June, 1836, (*Stroud's Purd. tit. Execution.*)

The opinion of the court was delivered by

Stroud, J.—In respect to the first piece of property mentioned in the sheriff's return of the inquisition, no question is raised. It is plainly within the meaning of the act of assembly of the 16th June, 1836, *relating to executions*, and it is conceded that the instrument of writing executed by George Stuckert, on the 30th March, 1835, does not comprehend it.

But in regard to the two other subjects of the inquisition, it is contended that these ought not to have been taken in execution for a debt of *George* Stuckert, because in the *first* place, the instrument of writing of March 30th, 1835, is said to be a declaration of trust by George Stuckert, for the exclusive benefit of his wife, made when he was free from debt, and which operated to divest him of all interest in this property.

That it was within the competency of George Stuckert to divest himself of all interest in this property, and by the intervention of a trustee, restore it beneficially to his wife, is indubitable. Can this end be reached by a direct conveyance from him to his wife?—for that is the character of the instrument resorted to on this occasion. A third person may, by his last will, confer property, whether real or personal, for the sole and separate use of a *feme covert*, without naming a trustee, and in such case, the husband will generally be regarded as trustee. Bennett *v.* Davis, 2 *P. W.* 316; Pawlet *v.* Delaval, 2 *Ves.* 665. But a *direct* transfer from husband to wife, *purporting to be founded on a valuable consideration*, cannot, I apprehend, be affected at all. A transfer of this description implies a *contract*; to which a *feme covert* can, in no instance, be a party.

The second reason urged for vacating the appointment of the sequestrator is, that the annual interest of a widow, secured to

[Parker v. Stuckert.]

her agreeably to the intestate laws, on her deceased husband's real estate, is not embraced by the revised act of 16th June, 1836, relating to executions. The leading section of this act, having reference to the present matter, is in these words :—" Whenever an estate for life, in any improved lands or tenements, yielding rents, issues or profits, shall be seized in execution, it shall be the duty of the sheriff, to ascertain by an inquest, in the manner usually practised, the clear profits yearly of such real estate, making reasonable allowances for taxes, necessary repairs, and all reprises, and he shall make return of such inquisition to the court, with his writ." *Purd. Dig.* 376.

Two questions have been made upon this branch of the argument. The principal one is, whether a *widow's right*, like the present, is to be deemed an *interest in land*, liable to sequestration under this section. In Shaupe *v.* Shaupe, 12 *S. & R.* 9, it was decided that such a right was an *interest in land*, and could be levied on and sold under a judgment against *the widow.* And although a *similar* right, secured by *voluntary* conveyance of the parties instead of a *judicial proceeding*, was held in Crafts *v.* Webster, 4 *Rawle* 242, *not* to be an *interest in land*, and although the distinction, *as to this point*, between the two rights, if this mode of expression be allowable, is not apparent to us, yet as the former decision was not adverted to by the counsel nor the court, in the latter case, it cannot be presumed that it was intended to be *overruled.* We consider ourselves bound, therefore, to say that such a right may be the subject of sequestration. There can be no doubt, the *revised* act was designed to comprise all kinds of life estates in lands, which, previous to its enactment, were the subject of levy and sale or execution. It is a *remedial* act, and the new provisions, by which the plaintiff is compelled to elect between a *liberari facias* and *sequestration*, were supposed to be more beneficial than the old mode of sale by the sheriff.

Whether such a *right* in the wife is liable on process *against the husband*, is the remaining question. In Deitz *v.* Beard, 2 *Watts* 170, and Stewart *v.* Martin, 2 *Watts* 200, the nature of this right underwent much examination. It was there said to be " of an anomalous character. It is created not by any contract of the parties, but by act of law. *It is expressly given in lieu of dower.* It partakes in some respects, of the nature of an annuity, in others of a rent-charge, and also of a debt by recognizance," pp. 172 and

24*

[Parker v. Stuckert.]

203.  It was decided in the first of these cases, that it was not subject to be taxed as a *ground-rent* or *rent-charge*, although the act of assembly by which it is created, authorises its collection *as a rent*, and that circumstance was chiefly relied upon in Shaupe *v.* Shaupe, as imparting to it the characteristic of an *interest in land.*  As an argument auxiliary to its immunity from taxation at all, it was urged by the judge who delivered the opinion of the court in Dietz *v.* Beard, that at the common law, *tenant in dower,* was subject to no tolls or taxes, and that this right was substituted for dower.  Now on the marriage of tenant in dower, her husband would acquire such an interest in the dower estate, as might be levied on under an execution against him.  In short, Shaupe *v.* Shaupe, if rightly decided, determines that the right of the widow is an *interest in land,* and whatever, therefore, may be its appropriate designation, the husband by marriage succeeds to what, under our laws, is bound by judgment against him, and consequently may be properly sequestrated.

Rule discharged.