## MANSELL'S ESTATE.

It is a rule of equity that the devisee of lands, which the devisor has, before or after making his will, charged with a mortgage, is entitled to have his lands exonerated therefrom out of the testator's personal estate, unless the devisor indicates an intention that the devisee should take them *cum onere*.

The personal estate is the natural fund for the payment of the debts of a testator.

But lands acquired by a testator subject to a subsisting mortgage or encumbrance created by a former owner, the devisee takes such lands charged with the encumbrance, without any claim for its satisfaction out of the testator's personal estate, unless the latter has so dealt with the encumbrance as to make it his proper debt.

Where the widow of an intestate has her one-third of the interest of the money on the valuation of the real estate of her deceased husband decreed to her by the Orphans' Court, it is in the nature of a rent charge. Where lands are valued by an inquest from the Orphans' Court, on the estate of an intestate, and the interest of one-third of the valuation money is ordered to be paid to the widow for life, and at her death to the heirs of the deceased, and the heir who takes the lands at the valuation gives his bond and mortgage, to secure the payment of the one-third of the money thus secured to the widow, and dies before the payment of such mortgage, the widow may collect the same out of the personal estate of the deceased, and is not bound to look to the land charged with the mortgage.

Although the widow has a specific lien on the land for the payment of her annuity, yet if he who takes the land subject to such lien gives his bond and mortgage for the same, he makes it his personal debt, and the bond can be collected out of his personal assets.

*March* 24. THIS cause came before the Court on exceptions filed to the report of the Master, Mr. Clay. The material exception arose under these circumstances:—

In the year 1815, Mr. Mansell, the testator, had purchased at Orphans' Court sale, under proceedings in partition, two houses in Vine street, part of the estate of Jesse Oat, deceased. These houses were conveyed by Oat's administrators to Mansell for the consideration of $4800, by a deed dated December 26, 1815, which deed recited the proceedings in the Orphans' Court. The same day Mansell gave his bond and mortgage of the premises to

the administrators of Oat, of whom Charlotte Oat the widow of Jesse Oat was one, for securing the payment of $1600 to the administrators " on the day of the decease of said Charlotte Oat, with interest to be paid half-yearly to the use of the said Charlotte Oat for the term of her natural life." The mortgaged premises were recited as being the same which the administrators had by a previous conveyance granted to Mansell " for the consideration thereon, *part of which is hereby secured.*"

John Mansell, by his will, after the ordinary direction for the payment of debts, devised, *inter alia*, to his daughter Sarah Heyberger, " all those my two messuages or tenements, Nos. 75 and 76, and the lots or pieces of ground thereunto belonging, situate on the south side of Vine street between Second and Third streets in the city of Philadelphia, formerly the estate of Jesse Oat, deceased." He also devised to his daughter Elizabeth Richards, *inter alia*, certain property in Third street, *subject*, with respect to the aforesaid property in Third street, to the yearly ground-rent to which the same is subject. All the rest and residue of his estate other than that specifically devised, the testator gave to his two daughters, to be equally divided between them. Charlotte Oat, the widow of Jesse Oat, is still living. The accountant had paid her the interest on the bond and mortgage up to the date of his account, and took credit thereon for the payment. Before the auditor, the accountant, the executor of Mansell, asked to strike out these credits as improperly taken. On the other hand, Mrs. Heyberger insisted on the correctness of these credits, and required that a competent sum should be set apart out of the balance in the executor's hands, and invested first to meet the annual payments to Mrs. Oat as they should fall due, and then to pay the principal of the mortgage whenever it should become due by her death.

The question therefore presented was, whether Mrs. Heyberger took the land devised to her, charged with the mortgage, or whether it was a debt due by the testator, payable out of his personal estate.

The Master decided in favour of the claim of Mrs. Heyberger; to which decision exceptions were filed, and which were now argued.

Mr. *Cuyler*, on behalf of the exceptant, inserted that the interest of the *widow Oat*, however secured, was a charge by the Act of Assembly, in the nature of a rent charge, and that therefore the land passed by the devise charged with it. That this charge was so fixed on the land that, notwithstanding the bond and mortgage, assumpsit could be maintained on it against the devisee. That the

right of the widow Oat was an interest in the land, not personal estate. And that, inasmuch as a sheriff's sale of Mansell's interest would not divest the widow's lien on the land, a devise of the same interest could do no more, nor pass a greater estate therein than the testator had himself. He cited Sharp v. Sharp, 12 S. & R. 9; Turner v. Hauser, 1 Watts, 420; Stewart v. Martin, 2 Watts, 200; Thomas v. Simpson, 3 Barr, 70; Deetz v. Beard, 2 Watts, 170; Swarr's Appeal, 1 Barr, 93; Fisher v. Kean, 1 Watts, 259; Mix v. Ackler, 7 Watts, 316; Mentzer v. Menor, 8 Watts, 196; Piddock v. Bye, 3 Rawle, 193.

*Emlen*, in opposition to the exception, cited M'Carty v. Gordon, 4 Whart. 321; Good v. Good, 7 Watts, 195; Unangst v. Kremer, 8 W. & S. 391; Miltenberger v. Schlegel, 7 Barr, 241; Hoover v. Hoover, 5 Barr, 351; Pawley v. Pawley, 7 Watts, 159; Croft v. Webster, 4 Rawle, 242; 1 Roper on Leg. 489; Phipps v. Phipps, 5 Penna. Law Journal, 176; 1 Story Equity, §§ 570, 571, 572; 1 Brown's C. C. 452; 2 Wms. on Executors, 1207; 2 Russell & Mylne, 531; 2 John. Chan. Rep. 148; 6 Watts, 167; 7 Barr, 241; 5 Barr, 351; 8 Watts, 198; 7 Watts, 159; 8 W. & S. 312; 4 Rawle, 242.

The opinion of the Court was delivered by

KING, President. — It is a perfectly settled rule of equity, that the devisee of lands which the devisor has before or after making his will charged with a mortgage, is entitled to have his land exonerated therefrom out of the testator's personal estate, unless the will indicates an intention that the devisee should take *cum onere*. Such intention must, however, be manifested by the will in a clear and unambiguous manner. Hence it has been held that a devise of lands subject to the mortgage or encumbrance thereon, does not throw the charge on the estate devised, to the exemption of the testator's personal estate, which is always the natural fund for the payment of the debts of a testator; the testator being considered as using such terms merely as descriptive of the encumbered condition of the property, and not for the purpose of subjecting his devisee to the burthen of the charge: Serle v. St. Eloy, 2 P. W. 386; Duke of Lancaster v. Mayer, 1 Brown C. C. 454; Astley v. The Earl of Tankerville, 3 Brown C. C. 545; Beckham v. Crutwell, 3 Mylne & Craig, 763; Wythe v. Henniker, 2 Mylne & Keene, 635.

In regard, however, to land acquired by a testator subject to a
47

subsisting encumbrance created by a former owner, the devisee of such land takes it charged with the encumbrance, without any claim for its satisfaction out of the testator's personal estate, unless indeed the latter has so dealt with the encumbrance as to make it his proper debt.   To produce this result so as to charge his personal estate as the primary fund for the payment of such an encumbrance, the testator must have made himself by contract personally and directly liable at law for the debt to the owner of the encumbrance: Cumberland v. Codrington, 3 John. Chan. Ca. 272.

The principle upon which the first class of cases rests, viz. cases in which the encumbrance has been created by the owner of the land, is obvious.   The personal estate of the devisor is liable to the payment of the encumbrance, because the contract is primarily a personal contract, and being primarily a personal contract, the land is only bound in aid of the personal obligation to fulfil that personal contract.   And the primary fund ought always in conscience to exonerate the auxiliary.   But in cases of the mere purchase of an equity of redemption, where the land is bought subject to an existing mortgage, and where the purchaser has no connexion, contract, or communication with the mortgagee; and does no act to show an intention to transfer that debt from the estate to himself; no personal obligation arises between such purchaser and the mortgagee, that can render the former personally responsible to the latter, or charge the personal assets of the former with, the payment of the encumbrance in the event of his death.   What circumstances amount to such a personal obligation in a purchaser of land to pay a subsisting mortgage thereon to the owner of the encumbrance, is a question which has frequently occupied the attention of Courts of Equity.   The cases of Wood v. Huntingdon, 3 Ves. Jr. 128, Waring v. Ward, 7 Ves. 302, Earl of Oxford v. Lady Rodney, 14 Ib. 417, may be referred to as exhibiting states of circumstances deemed adequate to produce such a result.   While the cases of Bagot v. Oughton, 1 P. W. 347, Evelyn v. Evelyn, 2 Ib. 659, Shafto v. Shafto, 2 Ib. 664, Tankerville v. Fawcet, 2 Bro. C. C. 57, Tweddell v. Tredwell, 2 Ib. 101, 152, and Billinghurst v. Walker, 2 Ib. 604, exhibit states of circumstances which, though urgent, were not deemed sufficiently clear to constitute a previous mortgage on land, the personal obligation of a subsequent owner of the land by descent or purchase.

If the case before us is considered as it presents itself on the face of the deed, bond, mortgage, and will, it presents the ordinary one of the purchase of land, in which the purchaser, having paid

part of the purchase-money gives his bond, secured by a mortgage on the premises, for the payment of the balance at a time and in a manner therein stipulated. Such a bond is beyond all question his personal obligation, not merely enforceable against the land specially pledged for its payment, but against all his estate. And as the test by which an obligation charged on land is determined to be payable out of the personal estate of the obligor, in the event of his death, is the fact that such obligation is the personal and direct contract of the obligor, it seems to follow that this bond must be so satisfied in favour of the devisee, since the bond and mortgage constituted a personal debt of the testator, and a security for its payment. While the bond remains in force, the mortgagees may proceed upon it against the representatives of the obligor, whenever default may be made in the payment of interest or principal.

But a different state of consequences is supposed to follow in the case of the purchaser of land under proceeding for the partition of an intestate's estate, where a bond and mortgage on the land has been given by the purchaser thereof, to secure the interest of the purpart of the intestate's widow during her life, and after her decease the payment of the principal of such purpart to his heirs.

It is true, the interest of an intestate's widow is, under such circumstances, so far considered in the nature of a rent charge (Sharp v. Sharp, 12 S. & R. 9; Turner v. Hauser, 1 Watts, 420; Stewart v. Martin, 2 Watts, 200; Thomas v. Simpson, 3 Barr, 60), that it may be taken in execution, cannot be taxed as personalty (Deitz v. Beard, 2 Watts, 170), and may be enforced by distress. And that no act of the vendee of the land or his creditors can divert it: Swarr's Appeal, 1 Barr, 93; Fisher v. Kean, 1 Watts, 259; Mix v. Ackler, 7 Watts, 316. · But nothing is here proposed that can have the effect of divesting any right or interest which Mrs. Oat may have in the land devised by Mr. Mansell to his daughter, Mrs. Heyberger. The equity asked by the devisee admits Mrs. Oat's rights to any and every extent, and therefore seeks to have the devised estate exonerated from her lien by the natural fund from which it is payable as the personal debt of the devisor; admits that the widow of Jesse Oat may, if she sees fit, have recourse to the land, in order to obtain payment of her annual interest, and that the heirs of Oat may in the same way obtain payment of the principal at her decease. Yet they may equally have recourse to the personal estate of the testator, not merely in aid of the land, or in case that security may prove deficient, but in the first instance, and at the option of the

creditor: M'Carty v. Gordon, 4 Whart. Rep. 321; Good v. Good, 7 Watts, 195. If, so far, the testator's bond is to be regarded as an original and primary obligation which could have been enforced against him personally when living, and of which payment may be enforced after his death against his general estate, why is this bond not to be regarded as his personal obligation in a case in which the question as to its legal nature and effect arises between the devisee of land, which has been mortgaged by the testator to secure its payment, and his personal representatives ? Conceding that if no such bond had been given by the testator on becoming the purchaser of Oat's estate, that the widow Oat's purpart would have remained a charge on the land, enforceable only against the same, and creating no obligation binding Mansell personally, yet it was competent for Mansell so to enlarge and alter this security as to make it his own direct and personal obligation. This he certainly did, on executing the bond to Oat's administrators, not as a further security, but as an original and primary contract. In doing so then, Mansell manifested an intention to assume a personal obligation much less equivocal than was deemed adequate in the cases of Wood v. Hungerford, Waring v. Ward, and the Earl of Oxford v. Lady Rodney, to make a pre-existing encumbrance on land the proper debt of a subsequent owner, as well with respect to the encumbrance, as to a devisee of the land, claiming to have the devised estate exonerated from the debt, by the personal estate of the devisor.

Whether, therefore, this is considered as the simple case of the devise of an estate charged with a previous mortgage created by the devisor, or whether it is considered as one of a direct personal contract to pay a pre-existing encumbrance on land subsequently devised by him; it alike presents the case in which the devisee is entitled to be exonerated from such encumbrance from the testator's personal estate. The Court accordingly confirm the report and decrees, that the executor of J. Mansell set apart out of the unadministered personal estate in his hands, a sum sufficient to pay and satisfy the bond given by Mansell to the administrators of Jesse Oat; that this sum be invested by him under the order of the Court, and that the interest of such investment be applied to the payment of the annual interest on the said bond to Mrs. Oat.