The judgment of the Court was delivered by
Tilghman C. J. —
William M1- Michael, the defendant in error, was plaintiff below. The cause of action was a bargain, by which the plaintiff was to convey to the defendants, and deliver them possession of a certain tract of land, in consideration of which,, the defendants were to copvey certain other lands to the plaintiff. The plaintiff filed a declaration In which he set forth the agreement, and averred that the defendants had broken their assumption, by not conveying to him the lands which they had promised to convey. The Court permitted the plaintiff to amend his declaration, which the defendants contend they had no right to do, because the action was changed from assumpsit to deceit. But this assertion of the defendants .has not been supported, because the amended declaration really is on an assumption, although the plaintiff avers that the defendants acted fraudulently, as is usually averred in actions of assumpsit. 'I his will appear by an examination'of the amended declaration. It sets forth, that the plaintiff, being seised of a certain tract of land, the defendants, intending to injure him, falsely and fraudulently induced him to deliver to'them possession of the said land, and to grant it to them ; and promised him to give, grant, convey and assume, certain lands to him; “ Nevertheless, the said plaintiff, averring that trusting to the faith and promises of the defendants, the seisin and possession of the messuage, tenement and tract of land aforesaid, he delivered to the said defendants, they, the said defendants, not regarding their promises and undertakings aforesaid, but falsely and fraudulently intending to deceive the said plaintiff, the aforesaid tract of land to convey and assure to the said plaintiff, although often requested so to do, have neglected and refused,” &c. Now the gravamen her'e complained of, is the not conveying of the land which the defendants had promised to convey, it is a breach of contract, blended with complaints of fraud — substantially an action of assumpsit.
The. next error assigned is, that issue was joined on the plea of not guilty. But this was cured by the verdict. To *443 this the cases are in point. See 2 Str. 1022. Marsham v. Gibbs, Lev. 142. Eldringter v. Deshont.
The defendants last objection is to the verdict. The jury found for the plaintiff, damages two hundred and eighteen dollars, and six cents costs ; to which they added, that the defendants should be at liberty to take up their bond to the plaintiff, filed in Court, and the contract dissolved.” To understand this verdict, it is to be noted, that during the trial, the defendants, in order to lessen the plaintiffs damages, had voluntarily, and without the plaintiff’s request or desire, executed and filed a bond for the conveyance of the land which the plaintiff complained they had not conveyed. This is the bond to which the jury allude, and their finding on this subject was of no importance, for the bond might have been withdrawn, had they been silent with regard to it. The same may be said, as to the contract being dissolved. Where the plaintiff recovered damages for non-performance of the contract, it-was ipso facto dissolved, without the jury saying so. But the Court entered judgment only for the damages found by the jury, which was right; and the defendants have no cause of complaint, because they have suffered nothing by the superfluous finding. I am of opinion, therefore, that there is no error, and the judgment should be affirmed.
Judgment affirmed.