## Fisher *against* Kean.

Watts.
1 w 259
147  499

In an action upon articles of agreement for the purchase and sale of land, the jury found a certain sum due and payable by the defendant, and another sum not due until the death of a widow, but a lien, and chargeable upon the land; executions having issued on the judgment, the money made by the sale of other land, and brought into court for appropriation; the court ordered the money payable presently by the terms of the verdict, to be paid to the plaintiff, that which was payable upon the death of the widow to be paid to another creditor who had a mortgage on the land sold, and that mortgage to stand for the use of the plaintiff *pro tanto.* *Held,* that such decree and order is the subject of a writ of error, and is erroneous.

A verdict is not vitiated by the finding of superfluous matter by a jury. It is often proper and necessary that a jury should state in their verdict the grounds on which their verdict is founded.

The lien on land which a widow has for her interest, by the intestate laws, is not divested by a sheriff's sale of that land, upon a judgment whose lien was subsequently obtained.

WRIT of error to the special court of *Dauphin* county.

This was a case of appropriation of money, made upon a judgment and execution, at the suit of *Jane Kean,* administratrix with the will annexed of *John Kean,* Esq., against *George Fisher,* in which the following facts gave rise to the questions discussed and determined.

*John Hamilton* died in 1793 or 1794, possessed of considerable real estate in Dauphin county, leaving six children, of whom the plaintiff was one. She intermarried with *John Kean,* Esq. On a petition to the orphan's court, an inquest was awarded to divide his lands among his children. As it consisted of several tracts of land and houses, the inquest found it would bear division into several parts, and appraised each part. The sons having declined to take at the appraisement, *John Kean,* in right of his wife, appeared, and accepted, among other parts, a tract of land near Harrisburgh, which was decreed to him by the orphan's court, on his paying their respective portions to the other heirs of *John Hamilton,* Esq., and a widow, who intermarried with a Mr *Mitchel,* and is again a widow, and is yet living. After the trust in question had been allotted to *John Kean,* he, by articles of agreement, dated in the year 1804, contracted to sell the land to *George Fisher,* and was to make a title, clear of incumbrances, in the spring of 1805: 1800 dollars of the purchase money was paid; and in 1806 all the heirs released to *John Kean;* but the widow did not; and the valuation of her third portion was 1401 dollars and 67 cents. The deed was at length executed, and a dispute arose about the sufficiency of it, and it and a bond of indemnity were delivered to Mr *Fisher* for examination; and though he often said he would not accept of them, and actually returned the bond of indemnity to one of the sureties in it, yet he never returned the deed; and many years afterwards showed it to a gentle-

[Fisher v. Kean.]

man to whom he mortgaged certain lands, and who, without consulting Mr *Fisher*, put it on record. Mr *Fisher* entered into possession in 1805; and *John Kean*, never having got any bonds from Mr *Fisher*, sued him on the articles of agreement. *John Kean* became insolvent, and assigned to certain persons, in trust to pay his debts; he made a will, the executors renounced, and his widow administered with the will annexed, revived the suit against Mr *Fisher*, and gave notice, by a paper filed, that she claimed the debt and sum demanded in this writ, for the use of the legatees and creditors of *John Kean* deceased.

On the trial, the jury found a verdict, which is recorded as follows:

" We, the jurors in the present case, do find the sum of 1875 dollars and 60 cents due unto the plaintiff, at the institution of the suit, including interest, to this day, after deducting 1401 dollars and 67 cents, principal of a sum, and interest on the same sum from the 1st of April 1813 to this present time. The said sum of 1401 dollars and 67 cents, to remain in the hands of defendant, *George Fisher*, Esq., during the natural life of the late *John Hamilton's* widow; and at her death, or upon her release, to be paid over to the plaintiff; the payment of which to be secured by remaining a lien on the land."

On this verdict, according to the practice, judgment was entered by entering the word "judgment;" which enables the party to draw out at length the proper and legal judgment, but amounts to no more than such judgment as the party has a right to.

A *fieri facias*, and subsequently a *venditioni exponas*, issued on this judgment, and a property, different from the tract above mentioned, was sold for 9750 dollars. When the money was brought into court, the court ordered it to be distributed by the following decree. " The court order the money to be paid over to the assignees of *John Kean*, under the act of 13th of March 1812, and the supplement thereto, on the terms and conditions specified in *the verdict*; the sum, according to the verdict, to be paid presently, and interest to the 18th of January 1831, the time of acknowledging the deed, 55 dollars and 31 cents; making in all 1930 dollars and 91 cents, which is to be paid over according to the above decree. The residue, to wit 1401 dollars and 67 cents, is ordered to be paid over to *J. M. Forster*, Esq., attorney for *Jacob Ridgway*, on his judgment and mortgage, and the said judgment and mortgage, so far as paid thereby, to remain a lien in favour of the assignees of *John Kean* in this suit, as a security to them *pro tanto*, they having a previous lien, and the said lien to be assigned accordingly." There were other directions as to the residue, not material in this case. *Jane Kean* and Mr *Fisher* appealed from this decree; but, on reflection, Mr *Fisher* took this writ of error; conceiving this last decree to be an alteration of the judgment on the verdict, not warranted by the verdict and by the law.

*Montgomery* and *Norris*, for plaintiff in error.

*W. Hopkins,* for defendant in error.

The opinion of the Court was delivered by

Huston, J.—All parties seem to agree that the verdict and the proper judgment on it, and the executions and sale remain undisturbed. We are of opinion, that in this case the writ of error lies; for although appeal is the appropiate remedy for mistake in the distribution of money raised by sheriff's sale, it is not the distribution of the money which is complained of. The execution is not brought up by this writ of error; but it is not the execution which the plaintiff in error wishes to reach; he complains of that part of the decree which directs *Ridgway's* mortgage and judgment to be assigned to the plaintiff, and to remain a lien on *all the estate of G. Fisher,* which considers the sum of 1401 dollars and 67 cents as found for the plaintiff, and nothing to do but issue an execution for it on the widow's death. The act of assembly had made that sum a lien on the specific tract appraised and no other. The jury and court could not remove it from that, nor could they in this case extend it beyond that. It is not due until the widow's death; and neither verdict nor judgment can be for a sum not yet due. And I apprehend the fair construction of the verdict, so far from finding it due, finds the very reverse. Let us attend to the case. The plaintiff claimed nearly 5000 dollars. The defendant, among other objections to this claim, showed that on the land sold to him there was a specific lien by positive law for the widow's third part of the sum at which that tract had been valued, amounting to 1401 dollars and 67 cents; and further, that from 1813 he had been charged with the interest on that sum, which had been paid, or if any part of it remained unpaid, it could be collected by distress or action against him. The jury then deducted this sum of 1401 dollars and 67 cents from the amount of the plaintiff's demand, as it stood in 1813, or what amounted to the same thing, and found a verdict for plaintiff for 1875 dollars and 60 cents. If the jury had stopped here, and given no explanation, it might have been contended that the last sum was all that they allowed for the whole of the plaintiff's claim; and possibly might have barred the plaintiff from ever recovering any thing further. To prevent this, they, in substance, say, We find 1875 dollars and 60 cents, and leave 1401 dollars and 67 cents not taken into our verdict, being the widow's third part, which is charged on the land by the law; and say in substance, for no other legal meaning can be put on the words, " which is to remain in the hands of *G. Fisher.* during the life of the widow, &c." The direction that it should be secured by remaining a lien on the land, amounted to nothing ; the law had placed it there and made it a lien beyond the control of courts and juries, until the widow died or released it. Courts will always so mould and construe a verdict as to make it legal if possible, and never put a construction otherwise, if the words will bear it. It is not only allowable, but proper, and often necessary to justice, that a

[Fisher v. Kean.]

jury should, beside finding the issue, state the ground on which they decided. 1 *Peters's C. C. Rep.* 72. After finding the issue, the verdict is not vitiated by finding or stating something superfluous. 8 *Serg. & Rawle* 441. Such finding and stating what they did not take into view occurs constantly in trials; and if the jury find all the plaintiff is then entitled to, neither he nor the defendant has any cause of complaint. The only judgment, then, which could be entered on this verdict, was for 1875 dollars and 60 cents. Two judgments, on the same demand, one to be levied presently, and the other in future, and contingent, are, perhaps, not allowable; though a verdict for a sum, and stay of execution till an act be done, is, in our equitable proceedings, not unusual. The sum of 1401 dollars 67 cents, raised by the sale of the defendant's land, on which that was not a charge, went, without dispute, towards payment of a lien which bound the property sold; and it went so because the plaintiff had no claim to it.

If the tract on which 1401 dollars and 67 cents was charged, had been levied on and sold, it must have been subject to the payment of the interest of this sum, yearly, to the widow; for that is a kind of lien from which land cannot be discharged by sheriff's sale; unless where it is sold on a judgment or mortgage, prior to the widow's claim. We think there is error in that part of the decree which directs " the judgment and mortgage of *Jacob Ridgway*, as far as 1401 dollars and 67 cents, to remain a lien in favour of the assignees of *John Kean*, in this suit, as a security to them *pro tanto;* and that the said mortgage and judgment be assigned accordingly." It is true, that the report of arbitrators, prior to *Ridgway's* mortgage and judgment, gave the plaintiff in this cause a lien prior to *Ridgway's*; but it is also true that this verdict settles the amount of that lien to be 1875 dollars and 60 cents. The plaintiff, however, need not be alarmed: if *Jacob Ridgway* should proceed to sell the property on which this 1401 dollars and 67 cents is charged, he must sell subject to this lien; the purchaser must take subject to it; and must pay the interest to the widow, during her life, and at her death pay the principal to the heirs of *John Hamilton*, or their assignees; and, it seems, the plaintiffs are such assignees. They have, then, a lien for this sum prior to Mr *Ridgway's*, and better, and which must become effectual, though many years may elapse first.

We, then, order judgment on the verdict for 1875 dollars and 60 cents; and the residue of the verdict is merely explanatory of the principles on which the jury founded their verdict; and the sum of 1401 dollars and 67 cents is no otherwise affected by the verdict, than to show that it was not included in this finding, and remains as the law placed it.