## Bickham *et al. versus* Smith.

1. In a suit by an attorney for services rendered to defendant individually, and also as trustee, the jury found for plaintiff $259, to be paid as follows, $150 by the estate in trust, and $109 by the defendant. *Held*, that judgment for $259, generally, was properly entered.

2. The value of the services done by defendant was fixed by the verdict; the amount payable by the trust was to be determined in a settlement of the trust account.

3. A general objection to a deposition which is evidence for any purpose is not available.

·May 11th 1869.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.    WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Lancaster county :* No. 21, to May Term 1869.

This was an action of assumpsit brought, February 22d 1866, by A. Herr Smith, Esq., against Stephen G. Bickham and Sarah Bickham, trustees.

The plaintiff declared in several counts, for services as an attorney at law on special contract,—and on a *quantum meruit.*

Eugenia R. Bickham, on the 30th of September 1838, conveyed all her estate to the defendants on certain trusts named in the deed. S. G. Bickham was afterwards found by inquisition to be a lunatic, and his property, including the trust estate, passed into the hands of a committee appointed by the court. The inquisition was traversed and the finding was in favor of Bickham. Subsequently to this there were proceedings in equity on behalf of the Bickhams as trustees, to obtain the trust funds from the committee.

Messrs. Alricks and Amwake were the original counsel for the Bickhams, both as regards the traverse of the inquisition and the equity proceedings. Mr. Smith was afterwards employed in connection with the other counsel. For services rendered under this employment, this suit was instituted.

A trial was had, and a verdict in favor of the plaintiff for $244 was rendered. The judgment on this verdict was reversed by the Supreme Court, and a new trial awarded (5 P. F. Smith 335).

On the second trial, before Hayes, J., Mr. Amwake was examined for the plaintiff, and testified that Mr. Smith had been retained by the defendants; also that his services were rendered

in relation to the traverse of the inquisition and the equity proceedings; also their own services and their value as well as the value of Mr. Smith's. Plaintiff offered the deposition of Mr. Alricks, which was objected to generally by the defendants, admitted by the court and bill of exception sealed. Mr. Alricks' testimony was similar to Mr. Amwake's. Against objections by the defendants the plaintiff gave in evidence a number of letters from defendants to Messrs. Alricks and Amwake respectively.

The court charged: "In the *narr.* filed in the case, the plaintiff demands the compensation to which he is entitled for his services, according to their value; that is, he declares on a *quantum meruit*, and on that declaration, is entitled to recover such sum as you think, on weighing all the testimony, his professional services rendered to the defendants were reasonably worth."

The verdict of the jury was: "that they find for plaintiff $259, to be paid as follows: $150 by the estate in trust, and $109 by Stephen G. Bickham." On motion of the plaintiff "the mode of payment on the verdict" was stricken out. A rule on behalf of the defendants for a new trial was discharged and judgment entered on the verdict as amended.

The defendants took a writ of error and assigned for error, that the court erred:—

1. In admitting the evidence of J. B. Amwake, and Hamilton Alricks, Esqs.

2. In admitting in evidence, Bickham's letters to Messrs. Amwake and Alricks.

3. In not instructing the jury that they could find only for the value of plaintiff's professional services rendered *to the trustees;* not for those rendered *to Stephen G. Bickham* personally.

4. In striking off any part of the verdict as surplusage.

5. In not setting aside the verdict and ordering a new trial.

*S. H. Price,* for plaintiffs in error.

*D. G. Eshelman,* for defendant in error cited as to amending the verdict: Fisher *v.* Kean, 1 Watts 259; Cavene *v.* McMichael, 8 S. & R. 441; Richmond *v.* Tallmadge, 16 Johns R. 307; Tuley *v.* Manzey, 4 B. Munroe 7.

The opinion of the court was delivered, May 24th 1869, by

THOMPSON, C. J.—The jury found a verdict in favor of the plaintiff and undertook to direct how it should be paid. This was surplusage only and did not vitiate the verdict. The court very properly disregarded it and entered judgment on the verdict: 1 Watts 259; 8 S. & R. 441; 4 B. Munroe 7.

There was nothing in the testimony to sustain the apportionment attempted. The proof applied to services in favor of the defend-

[Bickham *v.* Smith.]

ants jointly. It is true, in rendering services in that matter, the case of lunacy against Bickham, was often under consideration, for the reason that by the finding of the inquest the necessity for the bill in equity arose to get back the trust property, in which Mr. Smith was employed as counsel. He earned a fee in that, and this the jury fixed by their verdict, but said that one of the defendants should pay a certain portion of it individually, because they supposed he was benefited individually. I presume they did this to protect the trust from expense. But they could not fix the trust estate for any part of it. That would be for the *cestui que trusts* to see to on a settlement of the trust account. The whole, or only a part, might then be allowed to the trustees, dependent on what a court might think of the necessity for the litigation. The question in this case is not what it was when here before. The case was well tried the last time, and the action of the jury must not be allowed to defeat the plaintiff by an excess in their finding.

There was a general objection to the deposition of Mr. Alricks. What the grounds of this general objection were, does not appear; and as there was no specific objection made, we see no error in its admission. It was evidence for some purposes most certainly, and could not therefore be excluded on a general objection. We need not say anything about the other assignments of error for reasons appearing on their face.

Judgment affirmed.