*In re* JOHN D LENSENIG *v.* HIRAM L. THOMPSON.

When a mortgage is prior to all other liens, except a fixed charge on the land not itself divested by the sale, its lien is preserved by the act of 1830, although there may be arrears of the prior charge due and unpaid, whether they accrued due before the date of the mortgage or subsequent to it, and that such arrears being a part of the fixed charge itself, are, therefore not to be paid from the fund in court.

Appeal from the court of Common Pleas of Lancaster county.

Opinion by

SHARSWOOD, J. That the charge in favor of the widow of Tilghman Thompson was a fixed lien, not divested by the sheriff's sale on a junior incumbrance is to be considered as now settled beyond any question. Indeed, it was not a matter in dispute either in the court below or here. It has been well settled, as a general rule, that a judicial sale will not discharge an incumbrance, whether created by the law or by the parties, when the charge stands in the title, and can be discharged only by the court undertaking to administer the fund by investing it in order to fulfil the purpose of it. Dewalt's Appeal, 8 Harris 236; Hiester *v.* Greene, 12 Wright 96; Strauss' Appeal, 13 Wright 353.

These cases did but generalize and apply the previous determinations in Fisher *v.* Kean, 1 Watts 259; Bear *v.* Whistler, 7 Watts 144; Reed *v.* Reed, 1 W. & S. 239; Lauman's Appeal, 8 Barr 473. See Schall's Appeal, 4 Wright 170. It has, however, undoubtedly been held, that though the charge itself may be a fixed lien, incapable of divestiture, because

incapable of computation, the rule is different as to any arrears, either of rent, annuity or interest, which may be due at the time of the sheriff's sale; because such arrears are ascertainable with certainty in amount, and therefore payable out of the fund. Reed *v.* Reed, 1 W. & S. 235; Mohler's Appeal, 5 Barr 418; Kline *v.* Bowman, 7 Harris 24; Shertzer's Exr's *v.* Herr, Ibid 34; Lauman's Appeal, 8 Barr 473. It is to be remarked, however, that in no one of these cases was there any mortgage immediately following the fixed charge or lien, so that no question arose as to the effect of the act of April 6, 1830, (Pamph. L. 293.) The intention of that act was to protect mortgages from divestiture, whenever there were no prior liens, which were themselves liable to be divested by a judicial sale, or, as it was expressed in Helfrick *v.* Weaver, Phila., March, 1869, 26 *Legal Intelligencer*, 204: "Liens, the existence of which prior to a mortgage which cause it to be divested by a sheriff's sale, must be such as are themselves divested by the sale and thrown upon the fund." It is contended, then, that as, according to the authorities just cited, the arrears due Mrs. Thompson were payable out of the fund, they constituted a prior lien, which deprived the mortgage immediately following of the provisions of the act of 1830. It is manifest that if the arrears accrued due subsequent to the date of the mortgage, they ought not to have that effect. Devine's Appeal, 6 Casey 348, and Miners' Bank *v.* Heilner, 11 Wright, 452, are authorities in point as to this. If the law were not so, no mortgage would be safe. The act of 1830 would be a snare. It would depend upon the good will or the ability of the debtor in paying punctually his interest, whether the mortgage should remain or be divested by a sale. Very great uncertainty would thus be thrown around the vendee's title, a result to be most carefully guarded against. The same difficulty would exist if a distinction were to be drawn between arrears due at the date of the mortgage, and those accruing subsequently. It may be said that it was the fault of the mortgagee to accept the security, unless prior arrears have been discharged. Careful conveyancers will always see to this, not merely with reference to the question of first lien, but for other obvious reasons. We are not, however, to overlook the rights and interests of subsequent incumbrances and of the owner of the land. It is of great importance to them that the question whether a mortgage is to stand or fall by a sale, should be disembarrassed, as far as possible, of all questions of fact *in pais* outside of the record. The amount of arrears unpaid at the time of the sale can rarely affect the price beyond a few hundred dollars, and may be ascertained without difficulty and without much risk of loss, if there should ever be a mistake. But the mortgage may be the whole or two-thirds of the value of the land, and upon the question whether it remains a lien or is discharged it depends whether anything or nothing is to be bid. This should be removed from the region of conjecture and

uncertainty by making it in all cases as far as possible a mere question of law upon the records and the paper title.

It is true, that in Devine's Appeal, 6 Casey, 348, there were not arrears due when the mortgages were executed. This fact is mentioned in the opinion, but it evidently was not the ground of the judgment. It was held in that case, that on a sheriff's sale subject to a mortgage and also to a prior ground rent, the purchaser takes subject to the arrears of ground rent due at the time of the sale. "While it is admitted," says Mr. Justice Strong, "that the ground rent lien itself is not discharged, it is contended that the lien of the arrears is gone, and consequently that that of the subsequent mortgage is gone. The priority of the lien for arrears is determinable by the date of the ground rent deed without regard to the time when they accrued. It is to that deed alone that the subsequent incumbrances or purchaser can look. It is unnecessary to refer to authorities for a doctrine so familiar. If a judgment be recovered for arrears, the lien on the land is still from the date of the land. Unpaid arrears have no new lien created by matter *in pais* by the default of the tenant. They are the shadow of which the original ground rent reservation is the substance as much so as interest is of the principal." This course of reasoning applies with equal force to arrears due prior as well as subsequent to the date of the mortgage. The lien of these arrears did not spring into existence from time to time as they accrued due; otherwise there would be as many liens as there were days of payment. Interest, indeed, accrues *de die in diem*, and is always apportionable. They related to the date of the original charge and attached themselves to it as a mere incident, forming part of the charge itself. They might have been sued for and recovered separately, but the judgment would not have deprived them of the benefit of the original lien as was settled as long ago as Bantleon *v.* Smith, 2 Binn. 146, and never departed from since. In Miners' Bank *v.* Heilner, 11 Wright, 452, no distinction was drawn in the case, nor in the opinions between rent due before and after the date of the mortgage. But our brother Agnew in his concurring opinion says, "The lease being the subject of the mortgage is necessarily prior to the mortgage and the rent must therefore always be a prior lien * * * * The Legislature therefore, could not have intended that the rent, which necessarily precedes a mortgage, should take away the security intended by this act to be given to leasehold mortgages." We conclude then that when a mortgage is prior to all other liens, except a fixed charge on the land not itself divested by the sale, its lien is preserved by the act of 1830, although there may be arrears of the prior charge due and unpaid, whether they accrued due before the date of the mortgage or subsequent to it, and that such arrears being a part of the fixed charge itself, are therefore not to be paid from the fund in court. The mortgage itself being thus ascertained to be a fixed lien,

the sheriff's sale is necessarily subject also, to all prior incumbrances: The Northern Liberties v. Swain, 1 Ha.ris, 113.

Decree affirmed and appeal dismissed at the costs of the appellants.