# In the Court of Quarter Sessions of Schuylkill County.

## COMMONWEALTH v. WILLIAM CEARY.

1. In an indictment where a felony and a misdemeanor are joined, neither the defendant nor his wife is a competent witness, under the act of 3 April, 1872.
2. Where the verdict is not in itself insensible, it is not vitiated by the finding of superfluous matter by the jury.

Opinion delivered March 23, 1874, by

WALKER, J.    By the provisions of the act of assembly of 3 April, 1872, P. L 34, (Pur. Dig. vol. 1, p. 625, pl. 21), in the trials of indictments for offences, *not above the grade of misdemeanor*, the defendant is made a competent witness, and the wife of a defendant, without any doubt, can in such cases be a witness for him.

In the present case the indictment charges the defendant in one count with a felony and in the others with a misdemeanor. The felony is an aggravation of the misdemeanor here. The joinder of a misdemeanor with a felony in separate counts in one indictment where they grow out of the same offence, though different in degree, is proper. The defendant therefore being unable, at common law, to testify for himself is not rendered competent by this act of assembly in cases of felony, and we think by a parity of reason, his wife is also incompetent.

As regards the motion in arrest of judgment, for the reason that "the court cannot pass judgment upon either verdict, being verdicts of distinct offences," we can only say that the verdict of the jury was " guilty upon the first and second counts and not guilty with intent to kill," and means guilty as the defendant stands indicted except upon the fourth count where the jury find the defendant not guilty. It is, therefore, but one verdict on the two counts. This is a substantial finding, and might have been moulded into four, if necessary. Beates v. Retallick, 11 Harris, 288, but under the ruling of Girts v. Commonwealth, 10 Harris, 351, we think is sufficient as recorded.

The verdict is not in itself insensible, and is not vitiated by the finding of superfluous matter by the jury. Fisher v. Kean, 1 Watts, 259. Surplusage is as innoxious in criminal as in civil proceedings. Commonwealth v. Frey, 14 Wright, 249; Dawson v. People, 11 Smith, (N. Y.), 399 and 408.

Therefore motions overruled.