## City of Pittsburgh *versus* McKnight et al.

1. Under no form of action, and much less in a scire facias upon a municipal lien for grading and paving a street, can a city be called upon to adjust the equities between the contractor and a property holder.

2. In such a proceeding on a municipal lien, the jury, under instructions from the court, found a verdict for the city for the amount of her claim, and also, under instructions found certain facts in the nature of a special verdict, by which it appeared that the defendant had a set-off, as against the contractor, in excess of the amount of the claim of the city, and on this verdict judgment was entered generally. *Held*, that the city could not complain, as the judgment was for her claim in full, and that the remainder of the verdict was surplusage.

October 7th 1879.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.  GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 190.

Scire facias sur municipal lien, issued by the City of Pittsburgh, against Robert McKnight and others, executors of Mrs. Elizabeth F. Denny, deceased, for the sum of $938.26, the assessment on certain property of defendant, fronting on Ridge Avenue, in the city of Pittsburgh, and which was levied for the payment of the cost of grading, paving and curbing said avenue.

At the trial of the case, the defendant claimed that she should not be compelled to pay the assessment, on the ground, that during the progress of the work, Johnson, the contractor, had purchased gravel from her, and that she had done hauling for him, for the work on the street, with the verbal understanding or agreement with him that he would pay her, or that she would be allowed a credit for the amount of such materials and work, on the assessments against her property.  This agreement was not put in writing, nor was any notice of it given to the city, until after the assessment had been made.  The plaintiff objected to evidence for the purpose of proving these facts being admitted, as being irrelevant in this case, and also as an attempt to set off against the claim of the city, a debt owing to the defendant by a third person, not a party to the action.  The court, White, J., overruled the objections and admitted the testimony.  The court also admitted, against the objections of the plaintiff, evidence on the part of the defendant, going to show that during the progress of the work, Johnson, the contractor, had assigned all his interest in the contract, and all money coming to him under it, to one M. A. Sanner, in order to obtain money to complete the contract, and that Sanner had afterwards assigned the same to W. W. Patrick, who, after the assignment to him, had advanced all the money to complete the work, and that Sanner had taken the assignment, subject to Johnson's agreement with Mrs. Denny.

The seventh point of the plaintiff, with the answer of the court, was as follows :

[City of Pittsburgh v. McKnight.]

That under the pleadings in this case, the jury cannot ascertain or determine the equities between the defendant and the contractor, or M. A. Sanner or W. W. Patrick, who are not parties to this action, and their verdict must be for the whole amount of the claim of the city, without qualification or condition as to the distribution of the amount of the verdict.

Ans. "Refused, because all the parties named are in court, and have been fully heard in the trial; in fact, these questions were the real matters at issue in the trial."

In the general charge the court, inter alia, said:

"Where, as in this case, the city, the contractor and the party assessed, are in court and fully heard, we can do equity and justice to all. The city is entitled to a verdict and judgment for the amount of the lien, and the jury can find what amount of money coming to the contractor is due the defendant. The judgment will be satisfied by the defendant paying the difference; the city will credit the street account with the amount of the verdict, and charge the contractor with the amount found by the jury against him. * * *

"But we have another party in court, claiming the money under an assignment from the contractor. The city is in court rather as a stakeholder of the money, or as an agent collecting the money for the party legally entitled to it. The city has no claim against the contractor, admits that the money is due him on the contract, and has no reason for paying it to one claimant, rather than the other. Even if the money were paid into the city treasury, the same controversy would arise, and would have to be settled as to which of these parties is entitled to the money. For I take it that after due notice from two parties claiming the fund, under assignment from the contractor, the city could not safely pay it to either claimant before their respective claims were judicially settled. It can be as well settled now; Mr. Patrick claims the fund as against Mrs. Denny, and is here to substantiate his claim by his counsel and witnesses, and has been fully heard. * * *

"But if you find from the evidence, that a portion of the money he (Patrick) claims was paid by him to Sanner, when he took the assignments from Sanner, and exceeds the amount coming to Mrs. Denny; and if you further find, that Sanner made an agreement with Johnson that the bill of Mrs. Denny should be paid out of the money coming on the contract, and took the assignments expressly subject to such payment, then Mrs. Denny will have priority, and should be paid before Mr. Patrick. In that event your verdict should be for the plaintiff for the amount of the assessment with interest and you should also find that Mrs. Denny is entitled to have the amount of her bill with interest, paid out of the moneys coming to Johnson or be credited on account of her assessments."

Under instructions the jury found the verdict "for the plaintiff

in the sum of $1022.98, and further that M. A. Sanner, when he took the assignment from S. A. Johnson, expressly agreed that the bill of Mrs. Denny for gravel, stone, hauling, &c., on the street, should be credited on her assessment or paid out of the contract price and took the assignment expressly subject to that claim, and that more than the amount of her bill is included in the claim of W. W. Patrick for money paid by him to M. A. Sanner on the assignment made by Sanner to Patrick, and that the bill of Mrs. Denny, with interest thereon from the time the lien was filed in this case is $1138.27, for which she is entitled to credit on the assessment against her property on this street, the same to be a credit to the city of Pittsburgh on the contract of S. A. Johnson."

The court entered judgment on this verdict as rendered, when plaintiff took this writ and alleged that the court erred, inter alia, in admitting the above evidence, in refusing the foregoing point, and in charging as set forth above.

*W. W. Thompson, S. H. Geyer* and *Thomas S. Bigelow,* City Solicitor, for plaintiff in error.—The contractor is not a party to the record; nor was he the agent of the city to collect the assessments, nor authorized by it to allow credits on them, or interfere with them or their collection in any manner. Neither is he a substantial or equitable party to the action. He cannot claim the specific money collected by the city on the assessments, or that they were collected for his benefit or use. They may be applied by the city to other purposes and the contractor may be paid from other funds in the possession of the city. He could not therefore assign or transfer the assessments but only his claims against the city. Neither he nor his assignees could have their rights determined in this action; any questions between the contractor and the city as to the amount due him on his contract can only be settled when he presents his claim against the city for payment, which is the proper time to settle all equities between him and the various assignees of his claim. Neither he nor his assignees can be made parties to the record here, and therefore will not be concluded by the judgment. In addition to this, if the equities between the contractor and his different assignees can be tried in this case, they can also be tried on each assessment along the street, and a different settlement of them made in each case. Each property owner may have a private agreement with the contractor as to his assessments, which, under the rulings in this case, would have to be considered by the jury. This cannot be done: Schenley *v.* Allegheny City, 12 Casey 41, 51, 61; Hutchinson *v.* Pittsburgh, 22 P. F. Smith 326; Dyer *v.* Barston, 50 Cal. R. 654; Himmelman *v.* Spanagel, 36 Id. 392.

*R. B. Carnahan* for defendants in error.—No reason has been

[City of Pittsburgh v. McKnight.]

assigned why the verdict and judgment should be disturbed in so far as relates to the amount due the city on its municipal claim; the judgment entered is for that amount and so stands now as the judgment of the court below. The finding of the jury that the defendant in error is entitled to credit on the amount of the judgment for so much money has not been acted upon in any way—does not form part of the judgment, but merely informs the conscience of the court as to the equities of the parties, and it is difficult to see how any writ of error will lie to this finding. It is the finding of a jury, after hearing all the parties and all they had to offer, that the defendants have an equity, and is probably notice to the world of the existence of that equity. It is not a payment, not a set-off, not a defence of any kind to the recovery of the judgment. The court may, or may not, hereafter deem the finding of the jury sufficient to satisfy its conscience on an application to have a credit allowed, and it is respectfully submitted that if the plaintiff in error is not satisfied with the finding, application should be made to the court below to strike it off.

[See report of City of Pittsburgh v. Harrison, post 206—Rep.]

Mr. Justice Gordon delivered the opinion of the court, October 27th 1879.

The city of Pittsburgh has, in this case, no ground of complaint, inasmuch as it has judgment for the full amount of its claim. The jury, under the court's instruction, found for the plaintiff $1022.98, then, in obedience to a like instruction, they proceed to state certain facts, which they also find, and to give certain directions concerning the set-off of Mrs. Denny's bill against Johnson, the contractor, and its final credit to the city on the contract with Johnson. It, in fact, amounts to a decree, in which an attempt is made to adjust certain supposed equities between Mrs. Denny and Johnson, who is no party to the record, through the medium of the city. But the city had nothing to do with the contracts between Johnson and Mrs. Denny, and therefore under no form of action, and much less the present one, can it be called upon to adjust and pay what may be due upon such contracts. It follows that the judgment entered upon the verdict is for $1022.98; all the remainder of the verdict is surplusage.

Judgment affirmed.